CYPHER ET AL., APPELLANTS, *v.* BILL SWAD LEASING COMPANY ET AL., APPELLEES.

(No. 86AP-886—Decided
June 11, 1987.)

*Lucas, Prendergast, Albright, Gibson & Newman, James B. Harris* and *Edward T. McClellan,* for appellants.

*Isaac, Brant, Ledman & Becker* and *Douglas S. Roberts,* for appellee Bill Swad Leasing Company.

*Porter, Wright, Morris & Arthur* and *Darrell R. Shepard,* for appellee General Electric Credit Auto Lease.

YOUNG, J. Appellants, James T. and Gretchen Cypher, entered into a "New Vehicle Lease Agreement" with appellee, Bill Swad Leasing Company ("Swad"), for a new 1982 Cadillac on or about October 15, 1982. Mrs. Cypher asserts that at the time of purchase, Swad represented that the car was new, in good condition and had only been used as a company demonstrator. Mrs. Cypher used the car primarily for business from October 1982 through August 1983 and, thereafter, used it for personal purposes. In 1985, Mrs. Cypher discovered that her vehicle had previously been badly damaged in an automobile accident and also discovered that it had had nine previous owners. The Cyphers filed this suit in the Franklin County Court of Common Pleas on August 30, 1985. Appellants made the prescribed monthly payments from the inception of the lease until April 1986. Because the appellants ceased making the monthly lease payments prior to the end of the lease term, the appellees filed a counterclaim alleging that appellants were in default under the terms of the lease.

Swad filed a motion to dismiss the portion of the complaint that asserted violations of the Consumer Sales Practices Act since appellants had failed to file their claim within the two-year statute of limitations as set forth in R.C. 1345.10(C). Swad also filed a motion with the court to grant summary judgment on its counterclaim based on the issue of liability only. The court sustained both motions and this appeal followed.

Appellants assert the following statement of the issues:

"I. Whether the Court of Common Pleas of Franklin County, Ohio, committed legal error by dismissing that portion of Appellants' claim brought under the Consumer Sales Practices Act, Section 1345.01, *et. seq.,* Ohio Revised Code, on the grounds that Appellants failed to file such claim within the two-year statute of limitations, as provided by Section 1345.10(C), Ohio Revised Code.

"II. Whether the Court of Common Pleas of Franklin County, Ohio, committed legal error by granting Appellee's Motion for Summary Judgment against Appellants on the issue of liability only."

Appellants assert in their first statement of the issues that their claim is not barred by R.C. 1345.10(C) since the statute of limitations period did not begin to run until they discovered Swad's fraudulent conduct. R.C. 1345.10(C) states, in pertinent part:

"An action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of *suit,* or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later. * * *'' (Emphasis added.)

Appellants submit that the language of R.C. 1345.10(C), "the occurrence of the violation," should be interpreted as the time the violation was discovered and not at the time of the initial execution of the lease, the position appellee prevailed upon in the trial court. Appellants assert that the two-year statute of limitations is tolled and only commences to run upon discovery.

The interpretation of statutory language should be given its plain and ordinary meaning. *American Chemical Soc.* v. *Kinney* (1980), 62 Ohio St. 2d 258, 16 O.O. 3d 288, 405 N.E. 2d 272. The discovery rule concept to which appellants refer is stated in the language of R.C. 1345.09(C), which reads:

"In any action for *rescission, revocation* of the consumer transaction *must* occur *within a reasonable time after the consumer discovers or should have discovered* the ground for it and before any substantial change in condition of the subject of the consumer transaction." (Emphasis added.)

The language of R.C. 1345.09(A) and (B) permits the consumer to either rescind the contract procured by a deceptive sales practice or file a *suit* for treble damages. R.C. 1345.09(A) states as follows:

"Where the violation was an act prohibited by section 1345.02 or 1345.03 of the Revised Code, the consumer may, in an individual action, *rescind* the transaction *or recover* his damages." (Emphasis added.)

Likewise, R.C. 1345.09(B) also presents the same two remedies:

"Where the violation was an act or practice declared to be deceptive or unconscionable * * *, the consumer *may rescind* the transaction *or recover* * * * three times the amount of his actual damages or two hundred dollars, whichever is greater * * *." (Emphasis added.)

In reading R.C. 1345.09 and 1345.10 *in pari materia,* R.C. 1345.09(C) sets forth the statute of limitations for a rescission of a consumer transaction. The time within which a consumer may rescind a contract is a "reasonable time after the consumer discovers or should have discovered the ground for it * * *." See R.C. 1345.09(C). However, the discovery rule of R.C. 1345.09(C) cannot be read into R.C. 1345.10(C). R.C. 1345.10(C) sets forth an absolute two-year statute of limitations in which to file *suit* to recover treble damages. Thus, read *in pari materia,* the very language of R.C. 1345.09(C) and 1345.10(C) would preclude the "discovery" exception to the two-year statute of limitations that is applicable in a damage action pursuant to R.C. 1345.10(C).

Summary judgment, Civ. R. 56, is a procedural device designed to terminate litigation and to avoid a formal trial where there are no factual disputes to be resolved. It must be awarded with caution, resolving all doubts and construing evidence against the moving party, and granted only when it appears from the evidentiary material that reasonable minds can reach only an adverse conclusion as to the party opposing the motion. See *Norris* v. *Ohio Std. Oil Co.* (1982), 70 Ohio St. 2d 1, 24 O.O. 3d 1, 433 N.E. 2d 615. Pursuant to Civ. R. 56(C), summary judgment may be rendered where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.

In the facts before this court there

is no genuine issue of any material fact as to whether R.C. 1345.10 is applicable. The appellants entered into the contract with Swad on or about October 15, 1982. Appellants then filed this lawsuit on August 30, 1985, well beyond the two-year statute of limitations pursuant to R.C. 1345.10(C). Consequently, the trial court did not err in finding that appellants' claim for treble damages, pursuant to the Consumer Sales Practices Act was time-barred.

Therefore, the trial court did not err when it granted Swad's motion for summary judgment on the basis that it was time-barred pursuant to R.C. 1345.10(C). Appellant's first statement of the issues is not well-taken and is overruled.

Appellants assert in their second statement of the issues that the court of common pleas erred by granting summary judgment in favor of Swad based on its counterclaim on the issue of liability only. Appellants assert that the "New Lease" agreement which they entered into with Swad was obtained by fraud. Appellants allege that Swad represented the car to be new but that they later discovered there were nine previous owners and that the car had been previously damaged in a wreck. If appellants meet their burden of proof in determining that these allegations are true, they will not be obligated to comply with the terms of the "New Lease" agreement which is the basis of Swad's counterclaim. See *Railroad Co.* v. *Steinfeld* (1884), 42 Ohio St. 449; *Bebout* v. *Bodle* (1882), 38 Ohio St. 500.

Swad contends that even if there is a genuine issue as to a material fact in regard to liability based on its counterclaim, appellants waived the affirmative defense of fraud. Civ. R. 12(H) states:

"(H) Waiver of defenses and objections.

"(1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (a) if omitted from a motion in the circumstances described in subdivision (G), or (b) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(A) to be made as a matter of course."

Civ. R. 12(H) specifically establishes those defenses subject to waiver when not made by motion under the Civil Rules or included in a responsive pleading or amendment, as permitted by Civ. R. 15(A). The defense of fraud is not listed as a waivable defense under this rule. Furthermore, in reviewing the amended complaint, appellants not only sought treble damages, but also rescission and a suit based on fraud. See paragraph eighteen, amended complaint. Thus, the seventh cause of action in appellants' amended complaint satisfies the requirement of pleading fraud. See Civ. R. 9(B). Therefore, Swad's contention that appellants' affirmative defense of fraud is not properly before this court is without merit. While the discovery principle has not been judicially applied to deceptive sales practices, where the prayer is for treble damages, an appellant, nevertheless, is not precluded from seeking a rescission of the contract after discovery, so long as it is sought within a reasonable time. R.C. 1345.09(C). The determination of "within a reasonable time" is a matter to be decided by the trial court, based upon the evidence adduced during the course of the trial.

The limitation of time to seek relief on the basis of fraud would be four years pursuant to R.C. 2305.09(C). (Seventh cause of action.)

The limitation of time to seek relief on the basis of a written contract

would be fifteen years pursuant to R.C. 2305.06. (Sixth cause of action.)

Thus, the trial court erred in granting summary judgment on the issue of liability, dismissing all actions brought by the appellants against Swad inasmuch as the time limitation for an action for rescission, R.C. 1345.09, is not necessarily time-barred, nor are actions for fraud or on the contract time-barred.

The appellants' second statement of issue is well-taken and sustained. This matter is remanded to the trial court to determine the rights of the parties in regard to appellants' prayer for rescission, damages based upon an action in fraud and damages based upon the allegations that Swad failed to perform the written contract.

The judgment of the Franklin County Court of Common Pleas is reversed and the cause is remanded for further proceedings in accordance with law consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

REILLY and BOWMAN, JJ., concur.