DECISION AND JOURNAL ENTRY
Appellants Roberta and Michael Hawley, Ruth and James Roden, Lynette and Joseph Miller, Terri and Joseph Bellush, George Rodak, and Peg Elligot (Consumers) have appealed a judgment of the Lorain County Common Pleas Court that granted summary judgment in favor of Appellee CertainTeed Corporation (CertainTeed). This Court affirms.
 I.
On April 25, 1997, Consumers filed the instant action, naming CertainTeed as the sole defendant. The complaint sought damages for alleged violations of the Ohio Consumer Sales Practices Act (OCSPA) which occurred when CertainTeed installed defective shingles on each of Consumers' homes. According to their complaint, CertainTeed installed defective shingles upon each of their respective homes, with the first being July 12, 1985 and the last being August 10, 1988.[1]
On July 2, 1998, CertainTeed filed its motion for summary judgment, claiming that each of the claims advanced by Consumers was time-barred under R.C. 1345.10(C).[2] After briefing, on March 31, 1999, the trial court granted CertainTeed's motion. Consumers have appealed, asserting three assignments of error.
 II. A. Summary Judgment
In reviewing a trial court's ruling on a motion for summary judgment, this Court applies the same standard a trial court is required to apply in the first instance: whether there were any genuine issues of material fact and whether the moving party was entitled to judgment as a matter of law. Parenti v. Goodyear Tire Rubber Co. (1990), 66 Ohio App.3d 826, 829. A party moving for summary judgment bears the initial burden of informing the trial court of the basis for the motion and pointing to parts of the record that show the absence of a genuine issue of material fact.Dresher v. Burt (1996), 75 Ohio St.3d 280, 293-294; Vahila v.Hall (1997), 77 Ohio St.3d 421, 429. Then, and only then, there is a reciprocal burden on the nonmoving party to respond by showing that there are genuine issues of material fact to be tried. Dresher, 75 Ohio St.3d at 294; Vahila,77 Ohio St.3d at 430.
 B. Application of Statute of Limitations
In their first assignment of error, Consumers have argued that the trial court improperly determined that their claims were barred by the statute of limitations. Specifically, they have claimed that their complaint was filed within the two-year statute of limitations as set forth in R.C. 1345.10(C). That Section provides that any suit alleging a violation of the OCSPA "may not be brought more than two years after the occurrence of theviolation which is the subject of suit[.]" (Emphasis added.) Essentially, Consumers have argued that the respective violations did not occur until they were actually damaged, i.e. until they discovered the defective shingles. They have argued, in the alternative, that their damages are continuing. In support of their arguments, Consumers have cited Hofstetter v. Fletcher
(C.A.6, 1988), 905 F.2d 897. In Hofstetter, the Sixth Circuit Court of Appeals held that when an insurance agent and consulting group gave continued assurances and improper, illegal tax advice over a period of six years, the consumers' claims were timely because the transgressions were on-going and continuing violations of the OCSPA. Id. at 906-907.
In response, CertainTeed has sought shelter within the plain language of the statute of limitations, claiming that the violation occurred, and thus the statute began to run, upon installation of the defective shingles. In support of this argument, it has directed this Court's attention to Loveday v.Wolny (July 16, 1997), Medina App. No. 2617-M, unreported. InLoveday, the plaintiff sued a contractor, claiming that he knowingly engaged in an unfair and deceptive act when they entered into a home construction contract which allegedly lacked some material terms. The contract was executed during May, 1991, and the project was undertaken. Nevertheless, the parties' relationship deteriorated, and the plaintiff filed suit during October, 1993. This Court noted that "[u]nder the plain meaning of [R.C. 1345.10(C)], the two-year time limit invariably begins to run on the date of the violation, not the date of discovery." Id. at 12, citing Cypher v. Bill Swad Leasing Co. (1987),36 Ohio App.3d 200, 202. As a result, the plaintiff's claim was time-barred. Id.
In this instance, CertainTeed violated the OCSPA and Consumers' damages were incurred upon the installation of defective shingles. To hold otherwise would be to revive the "discovery rule." Therefore, pursuant to R.C. 1345.10(C), this Court concludes that Consumers' claims were, at best, filed seven and one-half years late. As such, they are barred from bringing suit under the OCSPA, and their first assignment of error is overruled.
Pursuant to App.R. 12(A)(1)(c), this Court declines to address Consumers' remaining assignments of error.
 III.
Consumers' assignments of error are overruled. The judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellants.
Exceptions.
 __________________ BETH WHITMORE
BATCHELDER, P.J., CONCURS, CARR, J., DISSENTS.
[1] The shingles were installed as follows: (1) George Rodak's home, July 12, 1985; (2) the Bellushs' home, October 16, 1986; (3) the Hawleys' home, December 15, 1987; (4) the Rodens' home, January 5, 1988; (5) the Millers' home, March, 1988; and, (6) Peg Elligot's home, August 10, 1988.
[2] CertainTeed has not disputed that the installed shingles were defective.