EVILSIZOR, Appellee,

v.

BECRAFT & SONS GENERAL CONTRACTORS, LTD., Appellant.

[Cite as *Evilsizor v. Becraft & Sons Gen. Contractors, Ltd.*, 156 Ohio App.3d 474, 2004-Ohio-1306.]

Court of Appeals of Ohio,
Second District, Clark County.

No. 03CA0069.

Decided March 19, 2004.

Gladys M. Evilsizor, appellee, pro se.

James H. Gordon, for appellant.

GRADY, Judge.

{¶ 1} Defendant, Becraft & Sons General Contractors, Ltd. ("Becraft"), appeals from a money judgment against Becraft and in favor of plaintiff, Gladys M. Evilsizor, in the amount of $2,260, plus costs.

{¶ 2} On June 21, 2001, Evilsizor and Becraft executed a written contract wherein Becraft agreed to paint her house for the price of $3,300. According to the terms of the contract, Becraft would "furnish the materials and perform the

labor necessary" for the job, using "Sherwin–Williams 20–year warranty paint." Paragraph 10 of Becraft's written proposal, which the parties adopted as their contract, further states: "All of our work is guaranteed for one year, paint is guaranteed by Sherwin Williams for twenty years."

{¶ 3} Becraft completed the promised work by July 2, 2001, and Evilsizor paid Becraft $3,300. Subsequently, in March 2003, Evilsizor noticed that the paint Becraft had applied was cracking and peeling. She asked Becraft to remedy the problem. When Becraft failed to act, Evilsizor had repairs made by another contractor, for a cost to her of $2,260.

{¶ 4} Evilsizor commenced an action against Becraft in the Small Claims Division of Clark County Municipal Court. The matter was heard by a magistrate. Evilsizor offered evidence that the defects which required the repairs for which she paid resulted from Becraft's having applied a latex-base paint over existing oil-base paint. Becraft did not deny having applied a latex-based paint, but offered evidence that the defects were due to moisture problems unrelated to its choice of paints.

{¶ 5} The magistrate filed a decision on August 1, 2003, in which he stated:

{¶ 6} "Upon careful consideration of all of the testimony and exhibits offered, the Magistrate finds by a preponderance of the evidence that Defendant is liable to Plaintiff for the cost of repairing the problem areas. Plaintiff reasonably relied upon Defendant's expertise to properly prepare the house for painting and to apply appropriate primer and finish coats. Whether the chipping and peeling she experienced is due to a latex-over-oil adhesion problem, as appears likely, or due to some other problem, Plaintiff had a right to expect Defendant to perform the work in such a manner that the paint job would last for longer than twenty months. Defendant claims it was willing to stand behind its work, but acknowledges that there was a communication problem and a delay in responding to Plaintiff's complaints. As such, Plaintiff was justified in seeking out another contractor to redo the problem areas. Defendant offered no evidence to indicate that the $2,260.00 cost of the remedial work for which Plaintiff has contracted is excessive or unreasonable.

{¶ 7} "Judgment will be entered in favor of Plaintiff and against Defendant in the amount of $2,260.00 plus costs of this action."

{¶ 8} Becraft filed objections to the magistrate's decision, arguing that it had done nothing to cause the defects of which Evilsizor complained, and that even if it had caused them its responsibility was limited by the one-year-warranty provision in their contract, the terms of which had expired when the defects appeared.

{¶ 9} The trial court overruled Becraft's objections and adopted the magistrate's decision in favor of Evilsizor. Becraft filed a timely notice of appeal.

## ASSIGNMENT OF ERROR

{¶ 10} "The trial court erred as a matter of law in failing to apply defendant-appellant's one-year guarantee limitation to plaintiff-appellee's claim, which arose after the expiration of that limitation period."

{¶ 11} Becraft renews its argument that Evilsizor's claim is barred by the express one-year general-warranty provision in their written contract. Becraft points out in its reply brief that in her letter to this court explaining that she would not file a brief, Evilsizor acknowledged that the paint started to chip 15 months after Becraft had applied it.

{¶ 12} Becraft argues that in reaching his findings, the magistrate violated the rule against parol evidence. The parol evidence rule is a rule of substantive law that prohibits parties to a contract from later contradicting the express terms of the contract with evidence of other alleged or actual agreements. *Brantley Venture Partners II, L.P. v. Dauphin Deposit Bank & Trust Co.* (N.D.Ohio 1998), 7 F.Supp.2d 936. Absent claims of fraud, mistake, or some other invalidating cause, the parties' written agreement may therefore not be varied, contradicted, or supplemented by or on account of evidence of prior or contemporaneous oral agreements, or by written agreements that the terms of the principal contract do not expressly authorize. *Galmish v. Cicchini* (2000), 90 Ohio St.3d 22, 734 N.E.2d 782.

{¶ 13} We cannot find that the magistrate relied on parol evidence to vary from the terms of the parties' written agreement. The agreement was before the court, having been offered in evidence by Becraft. The real issue is whether the written contract permits the finding that the magistrate made and that the trial court adopted over Becraft's objection.

{¶ 14} R.C. 1302.28 provides:

{¶ 15} "Where the seller at the time of contracting has reason to know any particular purpose for which the goods are required and that the buyer is relying on the seller's skill or judgment to select or furnish suitable goods, there is unless excluded or modified under section 1302.29 of the Revised Code an implied warranty that the goods shall be fit for such purpose."

{¶ 16} R.C. 1302.29(B) permits a disclaimer of implied warranties by language, such as: "There are no warranties which extend beyond the description on the face hereof." Further, per R.C. 1302.30(C): "Express warranties displace inconsistent implied warranties other than an implied warranty of fitness for a particular purpose."

{¶ 17} In order to create an implied warranty of fitness for a particular purpose, the seller must have reason to know of the buyer's particular purpose, reason to know that the buyer is relying on the seller's skill or judgment to select appropriate goods, and the buyer must in fact rely on the seller's skill or judgment. *Delorise Brown, M.D., Inc. v. Allio* (1993), 86 Ohio App.3d 359, 620 N.E.2d 1020. However, where the predominant factor and purpose of a contract is the rendition of a service, with the furnishing of goods only incidentally involved, the party supplying the service is not a seller of "goods," and therefore is not subject to the implied warranties of R.C. Chapter 1302. *Allied Indus. Serv., Corp. v. Kasle Iron & Metals, Inc.* (1977), 62 Ohio App.2d 144, 16 O.O.3d 303, 405 N.E.2d 307.

{¶ 18} The present case involves both the rendition of a service and the furnishing of goods. Unlike *Allied*, which involved commercial dealings and complex questions of engineering, the present case involves a sale to a consumer. Selection of the paint that Becraft used was as significant to the parties' transaction as the fact that Becraft applied it. Therefore, we cannot find that the service factor, application of the paint, so predominated for purposes of the agreement over the "goods" that were provided, the paint which Becraft used, as to take the agreement outside the scope of R.C. Chapter 1302.

{¶ 19} The requirements of R.C. Chapter 1302 apply to contracts, whether oral or written. The rights and duties which they impose on an agreement exist by operation of law, not on account of some collateral agreement between the parties. Therefore, the parol evidence rule does not affect application of those statutory requirements.

{¶ 20} The record demonstrates that Becraft knew the purpose for which the paint it provided would be used and that Evilsizor relied on Becraft's skill and judgment to select and furnish paint suitable to that purpose. Therefore, an implied warrant of fitness for the particular purpose was created. R.C. 1302.28. The written agreement made no express disclaimer of that warranty. R.C. 1302.29(B). The express, one-year warranty that was made did not displace the implied warranty imposed by operation of law. R.C. 1302.3(C).

{¶ 21} The magistrate found that the chipping and peeling that Evilsizor experienced was "due to a latex-over-oil adhesion problem." Therefore, the cause of Evilsizor's loss, which the magistrate found was one that directly related to and was proximately caused by the unsuitability of the paint that Becraft furnished. The record therefore supports the judgment that the court granted on her breach of warranty claim, which is not limited by the one-year general-warranty promise that Becraft made in the parties' written contract.

{¶ 22} The assignment of error is overruled. The judgment of the trial court will be affirmed.

Judgment affirmed.

FAIN, P.J., and FREDERICK N. YOUNG, J., concur.