OPINION
{¶ 1} Richard and Carolyn Bales appeal from the trial court's dismissal of their Ohio Consumer Sales Practices Act ("CSPA"), Ohio Home Solicitation Sales Act ("HSSA"), and breach-of-warranty claims against appellee James H. Isaac. The trial court dismissed the claims on statute-of-limitation grounds in response to a Civ.R. 12 motion filed by Isaac.[1]
 {¶ 2} The Bales advance four assignments of error on appeal. First, they contend that at least a portion of their CSPA claim for treble damages was timely filed under the applicable statute of limitation. Second, they argue that the trial court erred in not applying a "discovery" rule to their claims seeking recission under the CSPA and the HSSA. Third, they assert that the trial court erred in not "overruling" the Tenth District's decision inCypher v. Bill Swad Leasing Co. (1987), 36 Ohio App.3d 200, and in finding that a CSPA claim for treble damages must be brought within two years of the violation. Fourth, they contend the trial court failed to apply a "discovery" rule to their breach-of-warranty claim.
 {¶ 3} Although Isaac moved to dismiss the Bales' claims for failure to state a claim based on statute-of-limitation grounds, we note that he made his motion after filing an answer. As a result, we construe his motion as a motion for judgment on the pleadings under Civ.R. 12(C) rather than as a Civ.R. 12(B)(6) motion, which must be filed before a responsive pleading. As a practical matter, however, this distinction will make no difference in our analysis. "A Civ.R. 12(C) motion for judgment on the pleadings has been characterized as a belated Civ.R. 12(B)(6) motion for failure to state a claim upon which relief may be granted, and the same standard of review is applied to both motions." Minear v. Feeman, Summit App. No. 20650, 2001-Ohio-1665, citing Gawloski v. Miller Brewing Co. (1994),96 Ohio App.3d 160, 163. Under Civ.R. 12(B)(6) and Civ.R. 12(C), the factual allegations and all reasonable inferences in a complaint must be accepted as true and viewed in a light most favorable to the plaintiff. In order to dismiss a complaint under Civ.R. 12 or to enter judgment on the pleadings, a court must be convinced, based solely on the allegations in the complaint, that the plaintiff can prove no set of facts entitling him to recovery. Herald v. Egharevba (Dec. 29, 1993), Greene App. No. 92-CA-0016. Thus, we will reverse a trial court's entry of judgment on the pleadings if a plaintiff can prove any set of facts entitling him to relief. Our review of a trial court's ruling on a Civ.R. 12(C) motion is de novo. Fontbank, Inc. v.CompuServe, Inc. (2000), 138 Ohio App.3d 801, 807.
 {¶ 4} With the foregoing standards in mind, we turn now to the factual allegations in the Bales' complaint. The Bales allege that in April, 1994, Isaac quoted them a price for obtaining stucco and applying it to their home. Before Isaac began the job, the Bales inquired about a warranty on the work. In response, Isaac told them that the job was "guaranteed" and that they should contact him "if they ever had any problems." Isaac subsequently obtained the stucco, completed the job, and received payment from the Bales in June, 1994. Approximately seven years later, in June 2001, the Bales discovered problems with the stucco as applied by Isaac. In particular, they found that water had gone behind the stucco, causing rotted wood. The Bales attributed this damage to poor workmanship by Isaac, and they made numerous attempts in June, July, and August, 2001, to have him repair the project. Although Isaac made several promises to repair the damage, he never did so. After failing to obtain relief from Isaac, the Bales paid another company to repair the stucco and water damage. They then commenced the present action on December 19, 2001, by filing a four-count complaint.
 {¶ 5} After filing an answer, Isaac moved to dismiss the Bales' complaint for failure
 {¶ 6} to state a claim upon which relief may be granted. In support of his motion, Isaac argued that each of the claims against him was barred by the applicable statute of limitation. In a June 30, 2003, decision and entry, the trial court agreed that count two (alleging violations of the CSPA), count three (alleging violations of the HSSA), and count four (alleging a breach of warranty) were time barred. As a result, the trial court sustained Isaac's motion as to those counts. The trial court reached a different conclusion, however, with regard to count one, which it construed as alleging a negligence claim. The trial court found that the statute of limitation had not expired on count one. Nevertheless, in order to pursue an immediate appeal of the trial court's dismissal of the other counts, the Bales moved to voluntarily dismiss count one without prejudice. The trial court sustained the motion, thereby making its June 30, 2003, decision and entry an appealable order. This timely appeal followed.
 {¶ 7} In their first assignment of error, the Bales contend at least a portion of their CSPA claim for treble damages was timely filed under the applicable statute of limitation. In particular, they argue that the CSPA's two-year limitation period does not bar a claim that Isaac violated the act by repeatedly promising to "live up to his life-time warranty" and then failing to do so. In response, Isaac insists that the Bales' references to a life-time warranty are "unsubstantiated allegations" without evidentiary support. Isaac characterizes the Bales' allegations about the existence of a life-time warranty as nothing more than "a self-serving version of certain facts surrounding the event." In light of the Bales' failure to provide the trial court with evidentiary support for this claim, Isaac insists that it must be disregarded.
 {¶ 8} Upon review, we find the Bales' argument to be persuasive. Despite Isaac's assertions to the contrary, the Bales' failure to provide evidentiary support for their claim is immaterial. "The determination of a motion under Civ. R. 12(C) is restricted solely to the allegations in the pleadings and the nonmoving party is entitled to have all material allegations in the complaint, with all reasonable inferences to be drawn therefrom, construed in her favor. Evidence in any form cannot be considered. In considering such a motion, one must look only to the face of the complaint."Carroll v. Apperson (Feb. 8, 2000), Morgan App. No. CA-99-07 (citations omitted). The crucial questions, then, are (1) whether the Bales' complaint can be read as alleging a violation of the CSPA based on Isaac's unfulfilled promises to repair the stucco damage and (2) if the Bales did plead such a claim, whether it was timely filed under the applicable statute of limitation.[2]
 {¶ 9} Construing the complaint most strongly in favor of the Bales, we answer both questions in the affirmative. In paragraph five, the Bales allege that they asked about a warranty before the stucco work was performed. In response, Isaac assured them that the job was "guaranteed" and that "if they ever had anyproblems" they should contact him. (Emphasis added). Accepting this factual allegation as true, it supports a conclusion that Isaac expressly warranted his work for as long as the Bales owned the house. Thus, their allegations of a "life-time warranty" are consistent with paragraph five of their complaint.
 {¶ 10} In addition, paragraph nine of the complaint alleges that in 2001 Isaac promised several times to return and repair the damaged stucco but failed to do so. In paragraph seventeen, the Bales then allege that "[t]he actions of [Isaac] constitute violations of the Ohio Consumer Sales Protection Act." The "actions" referred to in paragraph seventeen reasonably may be read as including Isaac's failure to return to repair the damaged stucco. Consequently, the complaint alleges a violation of the CSPA based on Isaac's failure to fulfil his promise to make the repair.[3]
 {¶ 11} Finally, we note that the applicable statute of limitation does not bar a claim for treble damages based on Isaac's unfulfilled promises to repair the stucco. We have interpreted the CSPA as setting forth "an absolute two-year statute of limitations in which to file a suit for damages from the time of the occurrence of the violation." Nations Credit v.Pheanis (1995), 102 Ohio App.3d 71, 76. In the present case, the alleged violation involving Isaac's failure to repair the stucco occurred in 2001, which is the same year that the Bales filed their complaint. As a result, this aspect of their claim for damages under the CSPA is not time barred, and the trial court erred in dismissing it on that basis. Accordingly, we sustain the Bales' first assignment of error.
 {¶ 12} In their second assignment of error, the Bales appear to argue that the trial court erred in not applying a "discovery" rule to their claims seeking recission under the CSPA and the HSSA. This argument concerns their allegations that Isaac violated both acts in 1994 when he failed to install the stucco in a workmanlike manner. Although the Bales acknowledge that the CSPA and the HSSA have been interpreted as containing an absolute two-year time limit for filing suits for damages, they allege that a "discovery" rule extends the time for seeking recission.[4]
 {¶ 13} In response, Isaac does not dispute that a discovery rule applies to the remedy of recission under the CSPA and the HSSA. He interprets the Bales' second assignment of error, however, as seeking to apply the recission-related discovery rule to claims for money damages.[5] Isaac insists that the absolute two-year time limit for seeking damages does not include a "discovery" exception. As a result, he argues that "[t]he only way the discovery rule then applies is if recission is chosen."
 {¶ 14} Upon review, we discern no substantive dispute between the parties with regard to the second assignment of error. The Bales and Isaac agree that under existing law a discovery rule may extend the time for seeking recission. See Nations Credit,
supra, citing Cypher v. Bill Swad Leasing Co. (1987),36 Ohio App.3d 200, 202. They also agree that under existing law a claim for damages must be filed within two years of the occurrence of a violation, and no discovery rule extends this time limit. Id.
 {¶ 15} The essence of the Bales' argument, as we perceive it, is that the trial court erred by completely dismissing their CSPA and HSSA claims involving Isaac's 1994 stucco installation because their complaint sought damages and, alternatively, recission. (See Complaint, Doc. #1 at Prayer for Relief following ¶ 21). In other words, the Bales argue that even if the two-year statute of limitation bars a damages claim for faulty workmanship in 1994, it does not necessarily preclude the remedy of recission because the discovery rule applies.
 {¶ 16} We agree with the Bales' argument. Both Isaac and the trial court appear to have overlooked the fact that the Bales' complaint seeks the remedy of recission as an alternative to damages.[6] Thus, even if the trial court properly dismissed the CSPA and HSSA claims insofar as they sought damages for the alleged 1994 violations (an issue that is raised in the Bales' third assignment of error), neither Isaac nor the trial court addressed the recission aspect of the Bales' complaint. The discovery rule set forth in R.C. § 1345.09(C) provides that "[i]n any action for recission, revocation of the consumer transactionmust occur within a reasonable time after the consumer discoversor should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction." (Emphasis added). In his motion to dismiss, Isaac did not address this provision. He argued only that the Bales' claims were barred by the absolute two-year statute of limitation governing damages claims. Likewise, the trial court failed to recognize the recission aspect of the Bales' complaint and did not determine whether they had complied with R.C. § 1345.09(C). As a result, the trial court erred in applying the absolute two-year statute of limitation without considering whether the discovery rule extended the time for seeking the remedy of recission based on Isaac's alleged 1994 violations of the CSPA and HSSA.
 {¶ 17} Having reviewed the Bales' complaint, however, we are convinced that the trial court's failure to address the recission aspect of the claims was harmless error. As R.C. § 1345.09(C) makes clear, recission is only available as a remedy "before any substantial change in condition of the subject of the consumer transaction." Here the subject of the transaction is the stucco. According to the complaint, Isaac affixed the stucco to the Bales' house approximately eight years ago, and the stucco is now damaged. Thus, based on the Bales' own allegations, the condition of the stucco has substantially changed since the parties' transaction. Under such circumstances, recission is not an available remedy. Reichert v. Ingersoll (1985),18 Ohio St.3d 220, 223. As a result, the trial court's failure to address the recission aspect of the Bales' complaint is harmless error, and we overrule their second assignment of error.
 {¶ 18} In their third assignment of error, the Bales assert that the trial court erred in not overruling the Tenth District's decision in Cypher, supra, and in finding that a CSPA claim for treble damages must be brought within two years of the violation. The Bales urge us to hold that a claim for damages may be filed more than two years after a CSPA violation "where the discovery of the defect could not be known to a diligent Plaintiff." In other words, the Bales seek extension of the discovery rule discussed above from claims for recission to claims for money damages.
 {¶ 19} Upon review, we decline the Bales' unusual invitation to "overrule" the Tenth District's Cypher decision and to extend the discovery rule to claims for damages. In NationsCredit, supra, we reviewed the CSPA and found, as did the Tenth District in Cypher, that it included "an absolute two-year statute of limitations in which to file a suit for damages from the time of the occurrence of the violation." Nations Credit,
supra, at 76. The Bales have not persuaded us to depart from this established interpretation of the statute. Accordingly, we overrule their third assignment of error.
 {¶ 20} In their fourth assignment of error, the Bales contend the trial court failed to apply a discovery rule to their claim for breach of warranty. This claim stems from Isaac's alleged statement to the Bales, in response to a question about the existence of a warranty and before installing the stucco, that his work was "guaranteed" and that they should contact him "if they ever had any problems." (See Complaint at ¶ 5). The trial court held that any breach-of-warranty claim based on this statement was time barred by R.C. § 1302.98 or, alternatively, R.C. § 2305.09(D).
 {¶ 21} Upon review, we find that the trial court erred in holding the Bales' breach-of-warranty claim to be untimely filed under either of the foregoing statutes. The former provision states, in relevant part:
 {¶ 22} "(A) An action for breach of any contract for sale must be commenced within four years after the cause of action accrued. * * *
 {¶ 23} "(B) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to futureperformance of the goods and discovery of the breach must awaitthe time of such performance, the cause of action accrues whenthe breach is or should have been discovered." R.C. § 1302.98(A) and (B) (Emphasis added).
 {¶ 24} In its ruling, the trial court concluded that any breach-of-warranty claim accrued when Isaac completed his work in June, 1994, without regard to when the Bales discovered the alleged defects. In reaching this conclusion, trial court found no evidence of a "lifetime" warranty and, thus, declined to apply the discovery rule set forth in the italicized portion of the statute above.
 {¶ 25} Assuming that R.C. § 1302.98(A) is the applicable statute of limitation,[7] and construing the complaint most strongly in favor of the Bales, we believe they could prove a set a facts establishing that the discovery rule does apply. Thus, entry of judgment on the pleadings based on the statute of limitation is inappropriate. In reaching this conclusion, we look to paragraph five of the complaint. There the Bales allege that they asked about a warranty before Isaac performed his work. In response, he assured them that the job was "guaranteed" and that "if they ever had any problems" they should contact him. (Emphasis added).This allegation supports a conclusion that Isaac expressly warranted his work for as long as the Bales owned the house.[8] Thus, their allegations of a "life-time warranty" are consistent with paragraph five of their complaint. Moreover, in the context of a Civ.R. 12(C) motion, the Bales were not required to provide the trial court with evidence supporting their warranty claim. Although Isaac ultimately may disprove their allegations at trial, those allegations must be accepted as true for present purposes.
 {¶ 26} In our view, the claim that Isaac "guaranteed" his work and instructed the Bales to contact him if they "ever" had "any problems" alleges a triable issue regarding applicability of the discovery rule found in R.C. § 1302.98(B). A trier of fact reasonably might find that Isaac's oral warranty explicitly extended to the future performance of the stucco, insofar as he assured the Bales that it applied to "any problems" that "ever" might arise. If Isaac did explicitly extend his warranty to the future performance of the stucco, as the Bales' complaint alleges, then the cause of action for breach of warranty did not accrue until the breach was or should have been discovered. R.C. § 1302.98(B). The complaint alleges that the Bales discovered the breach in June, 2001, and nothing in the complaint suggests that they should have discovered it sooner. The Bales filed their complaint in December, 2001, well within four years of their discovery of the stucco damage. Thus, based on the allegations in the Bales' complaint, a trier of fact reasonably might find that their breach-of-warranty claim is not time barred by R.C. §1302.98(A). The trial court erred in holding otherwise.
 {¶ 27} As an alternative basis for dismissing the Bales' breach-of-warranty claim, the trial court also cited R.C. §2305.09(D), which sets forth a limitation period for negligence claims, but did not elaborate on its application. (See Doc. #61 at 3). This provision applies to "an injury to the rights of the plaintiff not arising on contract[.]" In the present case, however, the Bales' breach-of-warranty claim does appear to arise out of a contract. According to the complaint, Isaac expressly warranted his work and then installed the stucco in exchange for payment from the Bales. Consequently, we conclude that R.C. §2305.09(D) has no applicability to the breach-of-warranty claim, and we sustain the Bales' fourth assignment of error.[9]
 {¶ 28} Based on the reasoning set forth above, the judgment of trial court is affirmed in part and reversed in part, and this cause is remanded for further proceedings on the Bales' complaint. In particular, we affirm the trial court's judgment insofar as it dismissed the Bales' CSPA and HSSA claims for alleged violations occurring in 1994. We reverse the trial court's judgment, however, insofar as it dismissed the Bales' CSPA and HSSA claims for alleged violations occurring in 2001.[10] Finally, we reverse the trial court's dismissal of the Bales' breach-of-warranty claim on the basis that it is time barred.
Judgment affirmed in part, reversed in part, and cause remanded.
Fain, P.J. and Grady, J., concur.
[1] Although Isaac's motion did not mention Civ.R. 12 by name, it asserted that the Bales' complaint failed to state a claim because the allegations contained therein were time barred. After the trial court sustained Isaac's motion as to the CSPA, HSSA, and breach-of-warranty claims, the Bales voluntarily dismissed a fourth claim without prejudice, thereby making the trial court's decision and entry an appealable order.
[2] Unlike other aspects of the Bales' complaint that are discussed infra, we note that their CSPA claim stemming from Isaac's failure to repair the stucco damage does not depend on the existence of any "discovery" rule to extend the applicable statute of limitation. Indeed, with respect to the CSPA claim grounded in Isaac's failure to repair the stucco damage in 2001, the Bales insist that "no `discovery rule' issue presents itself." (Appellants' brief at 4).
[3] We express no opinion on whether Isaac's failure to return to repair the stucco actually constitutes a violation of the CSPA. For present purposes, we hold only that the complaintalleges a violation of the act based on Isaac's failure to repair the stucco. In his motion before the trial court, Isaac did not seek dismissal of the CSPA claim on the basis that it failed to allege a violation of the act. His only argument was that the CSPA claim was time barred by the applicable statute of limitation. Consequently, we have no occasion to determine whether Isaac's alleged conduct violates the CSPA.
[4] At least two Ohio appellate courts have held that actions under the CSPA and the HSSA, which both are part of R.C. Chapter 1345, are subject to the same statute of limitation. See, e.g.,Loveday v. Wolny (July 16, 1997), Medina App. No. 2617-M; Beckv. Trane Co. (Dec. 19, 1990), Hamilton App. Nos. C-890610 and C-890623. The parties agree and do not argue otherwise.
[5] The Bales actually advance this specific argument in their third assignment of error, which we will address infra.
[6] In his appellate brief, Isaac expressly states that the Bales are "seeking damages and not recission." (See Appellee's Brief at 9). Likewise, in its June 30, 2003, decision and entry, the trial court failed to recognize that the Bales' complaint requested the alternative remedy of recission. (Doc. #61 at 2).
[7] The statute of limitation in R.C. § 1302.98 applies to contracts for the sale of goods. In the present case, it is perhaps a close question whether the predominant purpose of the agreement between the Bales and Isaac was for the performance of a service or for the sale of goods. See generally Loyd v. Ewald
(April 6, 1988), Miami App. No. 87-CA-33. Given that neither party has briefed this issue, however, we will proceed on the assumption that the trial court properly looked to R.C. §1302.98.
[8] We note that "[t]he creation of an express warranty, as with any other contract, is determined by examining the intent of the parties to a particular sale and need not be expressed in written form in order to be valid[.]" Enterprise Roofing SheetMetal Co. v. Charles Svec, Inc. (June 2, 1995), Ottawa App. No. OT-94-052; see also Evilsizor v. Becraft Sons Gen. Contractors,Ltd., 156 Ohio App.3d 474, 478, 2004-Ohio-1306 (recognizing that "[t]he requirements of R.C. Chapter 1302 apply to contracts, whether oral or written").
[9] Unlike count four, which alleges a breach of warranty, the trial court found that count one sets forth a tort claim for failure to perform in a workmanlike manner. As to count one, R.C. § 2305.09(D) very well may apply. That issue is not before us, however, because the Bales voluntarily dismissed count one without prejudice after the trial court's ruling.
[10] Once again, we interpret the complaint as alleging 1994 violations of the CSPA and the HSSA based on Isaac's poor workmanship when installing the stucco. As we explained supra, those claims are time barred insofar as they seek damages, and recission is not a viable remedy. The complaint also alleges 2001 violations of the CSPA and the HSSA based on Isaac's failure to repair the stucco damage. Those claims are not time barred.