[Cite as *Rasner v. Ser-Mu Corp.*, 2011-Ohio-5847.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 96467**

## OLGA RASNER

PLAINTIFF-APPELLANT

vs.

## SER-MU CORP. D.B.A. SHARP CARE AUTO

DEFENDANT-APPELLEE

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cleveland Heights Municipal Court
Case No. CVF-0901324

**BEFORE:** Cooney, J., Blackmon, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** November 10, 2011

**ATTORNEY FOR APPELLANT**

Keith E. Belkin
1111 Tower East
20600 Chagrin Blvd.
Shaker Heights, Ohio 44122-5334


**ATTORNEY FOR APPELLEE**

Harvey Kugelman
Harvey Kugelman Co., L.P.A.
450 Standard Building
1370 Ontario Street
Cleveland, Ohio 44113


COLLEEN CONWAY COONEY, J.:

{¶ 1} Plaintiff-appellant, Olga Rasner ("Rasner"), appeals the trial court's judgment in favor of defendant-appellee, Ser-Mu Corp. d.b.a. Sharp Care Auto ("Sharp Care"). Finding no merit to the appeal, we affirm.

{¶ 2} In December 2009, Rasner filed suit against Sharp Care alleging breach of contract and violation of the Ohio Consumer Sales Practices Act. A bench trial was held in October 2010. The court found in favor of Sharp Care on both claims.

{¶ 3} Rasner now appeals, raising two assignments of error.

<u>Manifest Weight</u>

{¶ 4} In her first assignment of error, Rasner argues that the trial court erred and abused its discretion in finding that her expert witness failed to present evidence that the repairs to her car were not performed properly.

{¶ 5} Although not clearly articulated, it appears that Rasner is arguing that the trial court lost its way in finding in favor of Sharp Care. Thus, a manifest weight analysis applies.

{¶ 6} In a civil case, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.

> "A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court. A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."

*Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 81, 461 N.E.2d 1273. See, also, *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264. Thus, a judgment supported by "some competent, credible evidence going to all the essential elements of the case" must be affirmed. *C.E. Morris Co.* at 280.

{¶ 7} The Ohio Supreme Court has also recognized that when reviewing a judgment under a manifest-weight-of-the-evidence standard, the reviewing court has an obligation to presume that the findings of the trier of fact are correct. *Seasons Coal* at

80-81. This presumption arises because the trial judge had an opportunity "to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Id. at 80.

{¶ 8} The following evidence was adduced at trial.

{¶ 9} Rasner purchased a new BMW directly from a dealer in 2001. For the first 50,000 miles, Rasner had the vehicle periodically serviced at the dealership. Later, Rasner took the BMW for service at Sharp Care, where she had been taking other cars for service since 1996.

{¶ 10} After years of periodic service on the vehicle, Rasner took the BMW to Sharp Care for another service visit in February 2007. Sharp Care performed a full diagnostic evaluation and reported that the car was in good condition for a vehicle that age and with almost 200,000 miles accrued. During this visit, Sharp Care performed an oil change.

{¶ 11} In June 2007, after the vehicle would not start, Sharp Care installed a new battery in the 2001 BMW. No other services were requested at that time.

{¶ 12} In August 2007, Rasner's son attempted to drive the car from his home in Cleveland to his college out of state. Unfortunately, the car broke down on the Ohio interstate. At this time, the car had over 200,000 miles on the speedometer.

{¶ 13} Rasner's husband, Alex Bittenbinder ("Bittenbinder"), disassembled the engine after the car broke down. During his testimony at trial, the court qualified

Bittenbinder as an expert in car repair due to his extensive experience. Bittenbinder testified that he discovered a hole in the block of the engine cylinders, as well as broken engine parts in the oil pan. He testified that he observed that there was very little oil in the engine and that the remaining oil appeared to be thick like sludge. It was his opinion that the car had broken down because the engine "froze up" due to too little oil and the incorrect type of oil. He opined that during the February 2007 oil change, Sharp Care used regular oil, as opposed to the required synthetic oil needed for a BMW. However, Bittenbinder did not produce any evidence, other than his opinion, that the engine failure was the fault of Sharp Care.

{¶ 14} In addition, Rasner wrote a letter in September 2007 to Sharp Care regarding the break-down, alleging that Sharp Care had caused problems with the vehicle's suspension, brakes, hood latch, and tires. The letter did not mention the car's engine or any issue with the oil. Nor did a second letter, that Rasner sent Sharp Care in October 2007, mention the engine or the oil.

{¶ 15} Sergey Shepchick ("Shepchick"), the owner and operator of Sharp Care, testified at trial that during the February 2007 oil change, he had used synthetic oil as required. He testified that he knew that BMW vehicles required synthetic oil and, therefore, he made sure to use it with the Rasner's BMW. He testified that he did not change the oil again after February 2007, six months prior to the car's break-down. Rasner was unable to refute any of Shepchick's claims.

{¶ 16} "In reaching its verdict, the jury is free to believe all, part, or none of the testimony of each witness." *State v. Jackson* (1993), 86 Ohio App.3d 29, 33, 619 N.E.2d 1135. Furthermore, "[t]he weight to be given the evidence and the credibility of the witness[es] are primarily for the trier of the facts." *State v. Richey*, 64 Ohio St.3d 353, 363, 1992-Ohio-44, 595 N.E.2d 915.

{¶ 17} After a thorough review of the record, it is clear that the trial court's judgment is supported by some competent, credible evidence going to all the material elements of the case.

{¶ 18} Accordingly, the first assignment of error is overruled.

Ohio Consumer Sales Practices Act

{¶ 19} In her second assignment of error, Rasner argues that the trial court erred in finding that Sharp Care did not violate the Ohio Consumer Sales Practices Act.

{¶ 20} The Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Adm. Code 109:4-3-13, provides in relevant part:

> "(A) It shall be a deceptive act or practice in connection with a consumer transaction involving the performance of either repairs or any service upon a motor vehicle where the anticipated cost exceeds twenty-five dollars and there has been face to face contact at the supplier's place of business during the hours such repairs or services are offered, between the consumer or his representative and the supplier or his representative, prior to the commencement of the repair or service for a supplier to:

> "(1) Fail, at the time of the initial face to face contact and prior to the commencement of any repair or service, to provide the consumer with a form

which indicates the date, the identity of the supplier, the consumer's name and telephone number, the reasonably anticipated completion date and, if requested by the consumer, the anticipated cost of the repair or service."

{¶ 21} Rasner claims that Sharp Care violated the law when it failed to provide her with written estimates of the services it intended to provide.

{¶ 22} However, R.C. 1345.10(C) provides that a claim under the OCSPA must be brought within "two years after the occurrence of the violation which is the subject of suit." This is an absolute time limit to which the discovery rule does not apply. *Lloyd v. Buick Youngstown, GMC* (1996), 115 Ohio App.3d 803, 807, 686 N.E.2d 350. Rasner filed her complaint in December 2009. The events that Rasner's claims arise from occurred in February and June 2007. Thus, these claims are time-barred by the statute of limitations.

{¶ 23} Accordingly, her second assignment of error is overruled.

Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
COLLEEN CONWAY COONEY, JUDGE

PATRICIA ANN BLACKMON, P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR