**LLOYD, Appellant,**

v.

**BUICK YOUNGSTOWN GMC TRUCK COMPANY et al., Appellees.**

[Cite as *Lloyd v. Buick Youngstown GMC Truck Co.* (1996), 115 Ohio App.3d 803.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 95 C.A. 178.

Decided Nov. 27, 1996.

*Milton A. Hayman,* for appellant.

*David S. Barbee,* for appellee Buick Youngstown GMC Truck Co.

*E. Carroll Thornton, Jr.,* and *Mary Beth Houser,* for appellee General Motors Acceptance Corp.

DONOFRIO, Judge.

Plaintiff-appellant, Jeffrey Lloyd, appeals from an order of the Mahoning County Common Pleas Court granting the motion of defendants-appellees, Buick Youngstown GMC Truck Company and General Motors Acceptance Corporation ("GMAC"), for judgment on the pleadings.

On November 2, 1994, appellant filed a complaint in Mahoning County Common Pleas Court arising out of the sale of an automobile to him by appellee Buick Youngstown. The complaint alleged that the sale occurred on May 2, 1990. The original complaint alleged three separate counts against appellees. However, on February 17, 1995, appellant filed an amended complaint alleging a total of four causes of action against appellees. The complaint was timely answered by appellees.

Count 1 of the complaint alleged that on May 2, 1990, appellant purchased a 1990 Buick Regal from appellee Buick Youngstown at a total price of $15,081, plus sales tax and title fee. In connection with the sale, appellant alleged that General Motors Corporation was to issue a rebate of $1,250, directly to appellant,

which appellant never received. Count 1 of the complaint further alleged that, on May 3, 1990, appellant signed a promissory note and security agreement with appellee GMAC and that the promissory note and security agreement had different figures listed for the total purchase price of the vehicle. Count 1 further alleged that appellee fraudulently changed the figures on the purchase agreement/bill of sale without the knowledge and consent of appellant. Appellant alleged that the foregoing violated R.C. 1317.04, which requires that the written instrument evidencing a retail installment sale must state certain specified information, which appellees had allegedly failed to include or had altered.

In the second cause of action, appellant argued that appellees violated R.C. 1317.01 through 1317.11 by failing to give full credit for overcharges within ten days of September 9, 1994, the date on which appellant allegedly notified appellees of the alleged erroneous charges.

In the third cause of action, appellant alleged that, pursuant to R.C. 1317.08, the purchase agreement and bill of sale were usurious and unenforceable. The third cause of action further alleged that appellees knowingly and fraudulently changed figures set forth on the original purchase order/sales agreement dated May 2, 1990 and that appellant was therefore entitled to treble damages.

In the fourth and final cause of action, appellant alleged that appellees violated R.C. 1345.02 and 1345.03 in that they (1) changed the terms of the purchase agreement without the knowledge or consent of appellant, and (2) knowingly made misleading statements of opinion on which appellant relied to his detriment. Appellant alleged that appellees' acts constituted unfair and deceptive acts and practices in connection with the transaction and that the activities of appellees violated the Federal Truth in Lending Act as incorporated by the Ohio Consumer Sales Practices Act.

In his demand, appellant asked the trial court to order the rescission of the purchase order and to declare any security interest taken therein unenforceable, to award restitution of all payments on the purchase order in the amount of $20,099.33, to award compensatory damages, to award punitive damages in the form of treble damages as permitted by R.C. 1345.02 *et seq.*, and to award attorney fees and costs.

Appellee Buick Youngstown subsequently filed a motion for judgment on the pleadings. As grounds for the motion, Buick Youngstown argued that the amended complaint was barred by the applicable statute of limitations, found in R.C. 1345.10(C). That statute sets forth that causes of action alleging violations of the Consumer Sales Practices Act (R.C. Chapter 1345) must be brought within two years after the occurrence of the violation which is the subject of the suit.

Appellant filed a response to the motion, citing R.C. 1345.09(C), which provides a limited discovery rule in actions for rescission under R.C. Chapter 1345.

After the matter was briefed by the parties, the trial court's referee issued his report. The referee first found that while appellant's complaint referred to several sections of R.C. Chapter 1317, the relief requested in the amended complaint was that allowed by R.C. Chapter 1345, not R.C. Chapter 1317.

The referee further found that the two-year statute of limitations set forth in R.C. 1345.10(C) is absolute and is not extended by R.C. 1345.09(C). In addition, the referee found that in any event, appellant had failed to include a necessary allegation to bring his claim for rescission within the discovery rule found at R.C. 1345.09(C), i.e., that there had been no substantial change in the condition of the vehicle. The referee found that the vehicle was, at the time of the litigation, five years old and obviously would have suffered substantial depreciation.

The trial court subsequently entered an order adopting the report and recommendations of the referee. An amended judgment entry was subsequently entered by the trial court, granting judgment on the pleadings to both Buick Youngstown and GMAC.

This appeal follows.

Appellant has alleged five assignments of error. They are:

"Assignment of Error I

"The Judge of The Common Pleas Court erred, in accepting the Court Referee's Report and granting judgment to Defendant on the Pleadings, by not considering O.R.C. Sec. 1345.09(C), whereby O.R.C. Section 1345.10(C) is modified to allow the rescission of a consumer transaction past the two-year limitation, within a reasonable time of discovering the grounds for the rescission and whether or not there had been a substantial change in the condition of the subject of the transaction.

"Assignment of Error II

"The Judge of The Common Pleas Court erred, in accepting the Court Referee's Report in granting judgment to Defendant on the Pleadings, by not considering Plaintiff's Second Cause of Action, wherein Defendants violated Sections 1317.01 through 1317.11 inclusive, and Plaintiff's Third Cause of Action, wherein the Defendants knowingly and fraudulently changed figures without Plaintiff's knowledge on the original purchase order/sales agreement.

"Assignment of Error III

"The Judge of The Common Pleas Court erred, in accepting the Court Referee's Report in granting judgment to Defendant on the Pleadings, by not considering the Fourth Cause of Action in Plaintiff's Amended Complaint, setting

forth the violations of Sections 1345.02 and 1345.03, wherein the sellers/suppliers changed the terms of the purchase agreement, without the knowledge or consent of the Plaintiff; and knowingly made misleading statements of opinion to Plaintiff, upon which the Plaintiff relied.

"Assignment of Error IV

"The Judge of The Common Pleas Court erred, in accepting the Court Referee's Report and granting judgment to Defendant on the Pleadings, by not considering and ruling upon Plaintiff's claim that Defendants had violated the Federal Truth in Lending Act, as incorporated in the Ohio's Consumer Sales Practices Act, Section 1345 et. seq.

"Assignment of Error V

"The Judge of The Common Pleas Court erred, in accepting the Court Referee's Report and granting judgment to Defendant on the Pleadings, by accepting the Referee's finding that the Purchase Contract Plaintiff had with Defendant was not a Retail Installment Contract, as defined by Ohio Revised Code Sections 1317.01 et seq.; and that the remedial section (O.R.C. 1317.08) permits recovery of *only* those charges improperly charged the Plaintiff, when Section 1317.08 makes the installment contract unenforceable against the retail buyer." (Emphasis *sic.*)

We must first determine whether the trial court correctly determined that appellant's claims for damages for violations of R.C. Chapter 1345 were untimely filed.

R.C. 1345.10(C) provides:

"An action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of suit, or more than one year after the termination of proceedings by the attorney general with respect to the violation, whichever is later."

R.C. 1345.09(C) provides:

"In any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction."

R.C. 1345.10(C) provides a general two-year statute of limitations in claims for damages under R.C. 1345.01 to 1345.13. In *Cypher v. Bill Swad Leasing Co.* (1987), 36 Ohio App.3d 200, 521 N.E.2d 1142, the court found that the discovery rule provided by R.C. 1345.09(C) applies only to claims for rescission of the contract under R.C. 1345.09(A) or (B), not to claims for treble damages.

■ Based upon the foregoing, it is clear that any claims for money damages premised upon alleged violations of R.C. Chapter 1345 were properly found to be time-barred in the instant case.

We must next determine whether the trial court erred in ruling that appellant's claims for rescission based upon violations of R.C. Chapter 1345 were time-barred.

■ While R.C. 1345.09(C), set forth above, contains a discovery rule with regard to claims for rescission, there is an additional requirement that the claim must be made before any substantial change in the condition of the goods occurs. In the instant case, the trial court found that the vehicle would have suffered substantial depreciation between the time of the sale in 1990 and the filing of the complaint in 1995. Based upon the length of time between these two events, we cannot say that the trial court erred in this regard.

■ We must next determine whether appellant actually alleged violations of Ohio's Retail Installment Sales Act (R.C. Chapter 1317) and whether he made claims for relief under the Act.

In his first and second causes of action, appellant alleged that appellees had changed the figures on the purchase agreement/bill of sale without appellant's knowledge, that there were fees charged in violation of R.C. 1317.07, and that appellees wrongfully contracted for and received charges which are prohibited by R.C. 1317.01 through 1317.11.

In his third cause of action, appellant alleged that the purchase agreement was unenforceable under R.C. 1317.08 and that he was entitled to recover the total amount paid to appellees, as well as treble damages.

Upon a review of the foregoing, it is clear to us that appellant's first and second causes of action, as well as part of the third cause of action,[1] stated claims under R.C. Chapter 1317.

R.C. 1317.08 provides:

"If charges greater in amount than those provided for in sections 1317.01 to 1317.11, inclusive, of the Revised Code, are received by the retail seller, his agent, assignee, or successor in interest, the retail buyer, his assignee, or successor in interest may recover the total amount paid to the retail seller, his agent, assignee, or successor in interest, from the retail seller or the holder of the retail installment contract."

We note that R.C. 1317.08 has been construed by different courts to provide varying types of relief. See *Glouster Community Bank v. Winchell* (1995), 103

---

1. We note that claims for treble damages are not authorized by R.C. Chapter 1317.

Ohio App.3d 256, 659 N.E.2d 330; *Sonn v. Taylor* (Sept. 28, 1993), Athens App. No. 1527, unreported, 1993 WL 382248; *Kreitzer v. Thrifty Foods Corp.* (Aug. 8, 1985), Montgomery App. No. 8970, unreported, 1985 WL 8776. In particular, some of these courts have held that the words "total amount paid" mean only the amount paid toward the overcharge, while some have held that this provision entitles the buyer to the return of all the money that has been paid to the retail seller or successor in interest.

The referee stated in his report:

"While the plaintiff refers to several sections of Chapter 1317 of the Revised Code, his amended complaint and all the relief he requests are those allowed in Chapter 1345, not 1317 whose only remedial section is R.C. 1317.08 permitting a buyer to recover any charges improperly included in the installment contract."

Appellee may argue that this statement of the referee, whose report was ultimately approved by the trial court, provided a definitive ruling on the types of relief available under R.C. Chapter 1317.08, thus requiring this court on appeal to deal with this issue. We decline to do so at this time, finding that this specific issue was not fully developed by the parties either below or in this court. In addition, we make no ruling on the issue of whether RISA was applicable to this transaction. We simply find that, based upon the foregoing, appellant's complaint stated a cause of action and a claim for relief under R.C. Chapter 1317.

In addition to the foregoing, we make no determination as to which statute of limitations applies to causes of action arising under R.C. Chapter 1317. While appellant has made reference to the six-year statute of limitations set forth in R.C. 2305.07, this issue was not argued or developed by the parties in the trial court.

Based upon the foregoing, appellant's first, third and fourth assignments of error are found to be without merit. Appellant's second assignment of error is found to have merit. Appellant's fifth assignment of error is found to have merit only to the extent consistent with our analysis herein.

The judgment is hereby reversed, and the cause is remanded for a determination as to the applicable statute of limitations and for further proceedings according to law and consistent with this opinion.

*Judgment accordingly.*

JOSEPH E. O'NEILL, P.J., and COX, J., concur.