ROSENOW, Appellant,

v.

SHUTRUMP & ASSOCIATES et al., Appellees.

[Cite as *Rosenow v. Shutrump & Assoc.,* 163 Ohio App.3d 500, 2005-Ohio-5313.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 04–MA–180.

Decided Sept. 27, 2005.

Zuzolo, Zuzolo & Zuzolo and Ralph A. Zuzolo Jr., for appellant.

Roth, Blair, Roberts, Strasfeld & Lodge Co., L.P.A., and David S. Barbee, for appellee C & R Builders.

Williams, Senneth & Scully Co. L.P.A., and Joe Wentz, for appellee Shutrump & Associates.

Donofrio, Judge.

{¶ 1} Plaintiff-appellant, Paul Rosenow, appeals from a Mahoning County Common Pleas Court order granting summary judgment in favor of defendant-appellee, Shutrump & Associates ("Shutrump"), and third-party defendant-appellee, C & R Builders ("C & R").

{¶ 2} On January 16, 1998, appellant and Shutrump entered into a purchase agreement for the construction of a residence in Austintown, Ohio. During negotiations of the contract, appellant had the option of choosing between a maintenance plan and a one-year builder's warranty. Appellant opted for the one-year warranty.

{¶ 3} On February 24, 2001, following a storm, appellant began experiencing problems with the roof. Appellant hired a roof inspector. After receiving the inspection report, appellant contacted Shutrump about the problems with the roof. Although the one-year builder's warranty had expired, Shutrump's subcontractor, C & R, replaced damaged shingles and conducted other repairs as a courtesy at no charge. Appellant subsequently had the roof inspected again. This time, the inspector recommended that the entire roof be replaced because the installation was still contrary to the manufacturer's instructions and the warranties of the shingles would not be upheld or supported by the manufacturer. Moreover, appellant's insurance company canceled his policy as a result of the defective installation of the roof. Appellant subsequently replaced his roof with an entirely different grade of shingle. Appellees were not advised of the decision to replace the roof.

{¶ 4} Appellant filed a complaint against Shutrump on September 6, 2001, alleging breach of contract, negligence, breach of the implied covenant of good faith and fair dealing, and unfair, deceptive, and unconscionable acts. Shutrump answered and filed a third-party complaint for contribution and indemnification against C & R. Shutrump and C & R subsequently filed motions for summary judgment. The trial court granted both motions for summary judgment. Appellant filed a timely notice of appeal on August 12, 2004.

{¶ 5} Initially, we should note that Shutrump submitted improper summary-judgment evidence. Civ.R. 56(C) lists the types of evidence a court may consider in ruling on a summary judgment motion. They are "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact." Civ.R. 56(C). Shutrump attached a copy of the real-estate purchase contract and a copy of a letter it had received from appellant's attorney to its summary-judgment motion. Standing alone, neither is proper summary-judgment evidence. However, an appellate court may consider improper summary-judgment evidence as long as neither party objects.

*Continenza v. Tablack,* 7th Dist. No. 02–CA–250, 2003-Ohio-6719, 2003 WL 22939427, at ¶ 14. Since appellant did not object to the consideration of the real-estate contract or letter, we will consider them in our analysis.

{¶ 6} Appellant raises three assignments of error, the first of which states:

{¶ 7} "The trial court erred in granting summary judgment on claims not presented in appellee's summary judgment motion which had the effect of rendering the case moot."

{¶ 8} Appellant argues that appellees' summary-judgment motions addressed only one claim of the multi-claim complaint. However, appellant maintains that the court's order sustaining summary judgment effectively disposed of the entire case.

{¶ 9} A review of the summary-judgment motions reveals that appellees sought summary judgment on the entire complaint. They did not limit their arguments to one specific claim. In its memorandum in support of summary judgment, Shutrump argued that "plaintiff's cause of action is time barred" and "plaintiff's claims cannot survive summary judgment." Moreover, appellant's motion in opposition addressed many issues of the complaint, not just one specific count. Thus, the court did not err in construing the summary-judgment motions as applying to the entire complaint.

{¶ 10} Appellant next asserts that the Ohio Consumer Sales Practices Act ("OCSPA") allows for a claim to be brought before, during, or after the transaction or at any time when a violation occurs. R.C. 1345.02(A). Appellant argues that in 1998, appellees installed the roof in violation of industry standards. However, appellant contends that he did not discover that the roof was improperly installed until February 24, 2001. Appellant maintains that the initial problem with the roof was an "alerting event," and he investigated the problem in an attempt to remedy the situation. Appellant argues that an "alerting event" is an incident that puts a party on notice that it is necessary to look further into the cause of the event. *Luft v. Perry Cty. Lumber & Supply Co.,* 10th Dist. No. 02–AP–559, 2003-Ohio-2305, 2003 WL 21027291, at ¶ 58. In addition, appellant asserts that the Ohio Supreme Court has established a new rule for determining when the statute of limitations begins to run for bringing a claim. *Kay v. Cleveland,* 8th Dist. No. 81099, 2003-Ohio-171, 2003 WL 125280, at ¶ 16–17, citing *Norgard v. Brush Wellman, Inc.,* 95 Ohio St.3d 165, 2002-Ohio-2007, 766 N.E.2d 977. Appellant contends that the statute of limitations does not begin to run until the plaintiff is aware of the injury and that the defendant is responsible for causing the injury. *Kay,* 8th Dist. No. 81099, 2003 WL 125280, at ¶ 27.

{¶ 11} In this case, appellant argues that he responded properly by investigating the cause of the problem and by contacting appellees. Although repairs were

made to the roof, appellant asserts that appellees violated the OCSPA because they represented that the repairs were done in compliance with industry standards. But he contends deficiencies still existed. Appellant maintains that these representations constituted deceptive and unconscionable acts under the OCSPA, which extended the time period within which he could bring a cause of action. Furthermore, appellant contends that the initial alerting event led to the discovery that the roof had been improperly installed, and appellees continued to guarantee their work by making repairs to the roof.

{¶ 12} In reviewing an award of summary judgment, appellate courts must apply a de novo standard of review. *Cole v. Am. Indus. & Resources Corp.* (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179. Thus, we shall apply the same test as the trial court in determining whether summary judgment was proper. Civ.R. 56(C) provides that the trial court shall render summary judgment if no genuine issue of material fact exists and if, when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can conclude only that the moving party is entitled to judgment as a matter of law. *State ex rel. Parsons v. Fleming* (1994), 68 Ohio St.3d 509, 511, 628 N.E.2d 1377. A "material fact" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.* (1995), 104 Ohio App.3d 598, 603, 662 N.E.2d 1088, citing *Anderson v. Liberty Lobby, Inc.* (1986), 477 U.S. 242, 247–248, 106 S.Ct. 2505, 91 L.Ed.2d 202.

{¶ 13} The applicable OCSPA statute is R.C. 1345.10(C), which provides, "An action under sections 1345.01 to 1345.13 of the Revised Code may not be brought more than two years after the occurrence of the violation which is the subject of suit." Appellant contends that "the occurrence of the violation" should be interpreted as the time he discovered the violation and not when the roof was installed. Thus, appellant asserts that the two-year statute of limitations was tolled and started to run only upon his discovery.

{¶ 14} The discovery-rule concept is stated in R.C. 1345.09(C), which reads, "In any action for rescission, revocation of the consumer transaction must occur within a reasonable time after the consumer discovers or should have discovered the ground for it and before any substantial change in condition of the subject of the consumer transaction." R.C. 1345.09(B) presents two remedies for OCSPA claims. It states, "Where the violation was an act or practice declared to be deceptive or unconscionable * * * the consumer may rescind the transaction or recover * * * three times the amount of his actual damages or two hundred dollars, whichever is greater."

{¶ 15} Here, appellant elected to sue appellees for damages rather than to rescind the contract. In *Cypher v. Bill Swad Leasing Co.* (1987), 36 Ohio App.3d 200, 202, 521 N.E.2d 1142, the Tenth District held:

{¶ 16} "[T]he discovery rule of R.C. 1345.09(C) cannot be read into R.C. 1345.10(C). R.C. 1345.10(C) sets forth an absolute two-year statute of limitations in which to file suit to recover treble damages. Thus, read in pari materia, the very language of R.C. 1345.09(C) and 1345.10(C) would preclude the 'discovery' exception to the two-year statute of limitations that is applicable in a damage action pursuant to R.C. 1345.10(C)."

{¶ 17} This court agreed with *Cypher* in *Lloyd v. Buick Youngstown, GMC* (1996), 115 Ohio App.3d 803, 686 N.E.2d 350. In *Lloyd,* we acknowledged that R.C. 1345.10(C) provides a general two-year statute of limitations in claims for damages. Id. at 807, 686 N.E.2d 350. We further recognized that in *Cypher,* "the court found that the discovery rule provided by R.C. 1345.09(C) applies only to claims for rescission of the contract under R.C. 1345.09(A) or (B), not to claims for treble damages." Id. at 808, 686 N.E.2d 350. Following *Cypher* and this court's decision in *Lloyd,* appellant's OCSPA claim is time barred by the two-year statute of limitations.

{¶ 18} Appellant also argues that appellees violated the OCSPA by deceiving him when they made assurances that the roof was repaired. However, this contention lacks evidentiary support. The evidence does not demonstrate that appellees gave assurances to appellant that they repaired all problems with the roof. In fact, appellant's affidavit states that Shutrump attempted to fix the roof, but was unsuccessful. Because the evidence demonstrates that the roof was likely improperly installed, any violation of the OCSPA occurred in 1998 when the roof was installed. Again, appellant is time barred by the statute of limitations. Appellant's argument that the repairs performed in 2001 also constitute a violation is unsupported by the evidence because the improper installation, not the subsequent repairs, led to the problems with the roof.

{¶ 19} Accordingly, appellant's first assignment of error is without merit.

{¶ 20} Appellant's second assignment of error states:

{¶ 21} "The trial court failed to consider plaintiff's negligence count in determining defendant's motion for summary judgment."

{¶ 22} Appellant argues that the purchase agreement and one-year builders' warranty did not waive his rights to a negligent-workmanship claim or tort action. Appellant contends that appellees were negligent in installing the roof and in their attempt to repair the roof. He asserts that appellees had an implied duty to perform the work in a workmanlike manner. He contends that the statute of limitations begins to run when the failure to perform in a workmanlike manner is discovered or when the failure should have been discovered through reasonable diligence. Appellant argues that he did not discover the problem until

February 2001, and, therefore, his negligence claim fell within the statute of limitations.

{¶ 23} In his complaint, appellant did not assert a claim for the negligent repair of the roof. He asserted a claim only for the roof's negligent installation. Thus, his argument that the roof was negligently repaired must fail. We will move on to consider whether the one-year builder's warranty is a bar to appellant's negligence action for the installation of the roof in a nonworkmanlike manner.

{¶ 24} Appellee argues that appellant's action is governed by R.C. 1302.98, which provides:

{¶ 25} "(A) An action for breach of any contract for sale must be commenced within four years after the cause of action has accrued. By the original agreement the parties may reduce the period of limitation to not less than one year but may not extend it.

{¶ 26} "(B) A cause of action accrues when the breach occurs, regardless of the aggrieved party's lack of knowledge of the breach. A breach of warranty occurs when tender of delivery is made, except that where a warranty explicitly extends to future performance of the goods and discovery of the breach must await the time of such performance, the cause of action accrues when the breach is or should have been discovered."

{¶ 27} Appellees contend that the purchase agreement here not only reduced the statute of limitations to one year for appellant's breach-of-contract claim, but also limited the statute of limitations to one year for appellant's negligence claim.

{¶ 28} Appellees are incorrect in their assertion that R.C. 1302.98 applies to appellant's claims. R.C. 1302.98 is a part of Ohio's Uniform Commercial Code. Under this statutory scheme, a "contract for sale" as used in R.C. 1302.98, includes "both a present sale of goods and a contract to sell goods at a future time." R.C. 1302.01(A)(11). "Goods" refers to "all things * * * which are movable at the time of identification to the contract for sale." R.C. 1302.01(A)(8). A home is not a "good," but is real property. Thus, R.C. 1302.98 does not apply in this case.

{¶ 29} An action against a builder for failure to construct in a workmanlike manner is a tort action governed by R.C. 2305.09(D). *Cincinnati Ins. Co. v. Alcorn* (1993), 91 Ohio App.3d 165, 168, 631 N.E.2d 1125; *Velotta v. Leo Petronzio Landscaping, Inc.* (1982), 69 Ohio St.2d 376, 23 O.O.3d 346, 433 N.E.2d 147, paragraph one of the syllabus. It provides: "An action for any of the following causes shall be brought within four years after the cause thereof accrued: * * * For an injury to the rights of the plaintiff not arising on contract." R.C. 2305.09(D).

{¶ 30} The purchase agreement states: "Home Maintenance Plan: 1 Yr. Builders Warranty in lieu of maintenance plan." The purchase agreement makes no other references to warranties, the limitation of remedies, or the restriction of otherwise applicable statutes of limitations.

{¶ 31} Thus, appellant's negligence claim for failure to install the roof in a workmanlike manner is governed by a four-year statute of limitations.

{¶ 32} The parties entered into the purchase agreement in 1998. Appellant discovered the defective roof in 2001 and filed his complaint that year. Thus, his claim falls within the applicable statute of limitations. Accordingly, appellant's second assignment of error has merit.

{¶ 33} Appellant's third assignment of error states:

{¶ 34} "In granting summary judgment against appellant on the consumer count * * * a genuine issue of fact under Ohio Consumer Sales Practice Act Revised Code 1345 et seq [sic]."

{¶ 35} Appellant reiterates his argument that a genuine issue of fact exists because appellees violated the OCSPA when they attempted to fix the roof in 2001. Appellant argues that a genuine issue of fact remains as to whether the 2001 repair was done properly and whether appellees should have informed him that the roof was defectively installed.

{¶ 36} As stated above, appellant is barred from bringing a claim under the OCSPA because the statute of limitations has expired. Appellant's contention that he is entitled to damages due to appellees' failure to inform him that the roof had been improperly installed is unsupported by the record. Additionally, appellees were not obligated to repair the roof, because the one-year warranty had already expired. As noted earlier, the initial installation led to the problems that appellant experienced. Since the record does not demonstrate that appellees were deceptive or unfair while making repairs on the roof in 2001, appellant's claim under the OCSPA is barred by the statute of limitations. Accordingly, appellant's third assignment of error is without merit.

{¶ 37} For the reasons stated above, the trial court's judgment is hereby reversed as to appellant's second assignment of error and affirmed as to his first and third assignments of error. This case is remanded for further proceedings pursuant to law and consistent with this opinion regarding the negligence claim.

Judgment affirmed in part<br>and reversed in part,<br>and cause remanded.

VUKOVICH and WAITE, JJ., concur.