[Cite as *Young v. Eich*, 2012-Ohio-1687.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| DORIS YOUNG, k.n.a. DORIS CLARK | ) | CASE NO. 10 MA 191 |
| | ) | |
| PLAINTIFF-APPELLANT | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| FRANK EICH, d.b.a. SOUTHSIDE | ) | |
| AUTOMOTIVE SERVICE, INC., et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS: Civil Appeal from the Court of Common Pleas of Mahoning County, Ohio Case No. 06 CV 120

JUDGMENT: Affirmed.

APPEARANCES:

For Plaintiff-Appellant: Atty. Matthew C. Giannini
10404 South Commons Place
Suite 200
Youngstown, Ohio 44514

For Defendant-Appellee, SES, Inc.: Atty. Thomas N. Michaels
839 Southwestern Run
Youngstown, Ohio 44514

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Joseph J. Vukovich

Dated: March 28, 2012

[Cite as *Young v. Eich*, 2012-Ohio-1687.]
WAITE, P.J.

## Summary

{¶1} Appellant's single assignment of error challenges the trial court's decision to grant summary judgment resulting in dismissal of her claim for damages for the disposal of a motor vehicle. Appellant alleges she is the owner of a motor vehicle that was towed from the premises of a repair garage at the request of the garage owner. The vehicle was later destroyed as allowed by statute. Nearly a year after the vehicle was destroyed, Appellant sued the owner of the garage and the towing company for the conversion of the vehicle. The garage owner was dismissed from the lawsuit. The towing company sought summary judgment, producing evidence that it acted on the instructions of the Youngtown Police Department and disposed of the vehicle only after providing notice to the holder of the car's title. The title holder identified by the police department was not Appellant. In response, Appellant produced no evidence that she had any legal interest in the vehicle. Appellant failed to satisfy the elements of her conversion claim because she failed to prove she owned the property. Summary judgment was appropriate and the decision of the trial court is affirmed.

## Factual and Procedural History

{¶2} On January 1, 2011 Appellant, Doris Young, also known as Doris Clark, filed a complaint in Mahoning County Common Pleas Court seeking $2,500.00 in actual damages and $1,000.00 in punitive damages against Southside Automotive Services, Inc. ("Southside Auto"), and Ludt's Towing due to the alleged conversion of

a 1993 Cadillac DeVille. At some point prior to May 26, 2004 Appellant alleges she "entrusted her motor vehicle, a 1993 Cadillac DeVille, to Defendant FRANK EICH, d.b.a. SOUTHSIDE AUTOMOTIVE SERVICES, INC., for the performance of repairs and/or services by said facility." (Compl., ¶3.) Appellant further alleged that on or about May 26, 2004 Southside Auto transferred her vehicle to Ludt's towing without her knowledge or consent and that the two entities conspired to transfer ownership of her vehicle for value to an unknown third party. Appellant claimed that she demanded the return of her property and was denied. No document or other evidence was attached to or filed with the complaint. The complaint itself was filed approximately one year and seven months after the alleged wrong appears to have been discovered. Although both defendants were served, only Southside Auto filed a timely answer. Southside Auto denied all allegations in the complaint. Mediation was ordered in February and held in August, 2008. Appellant and Southside Auto both appeared and agreed to settle their respective claims. Appellant then sought default judgment against Ludt's Towing, who was not present at mediation and was still in default of answer at that time. (8/27/08 Mediation Report.)

{¶3} Appellant filed her motion for default judgment against Ludt's Towing on August 29, 2008, now requesting $10,000.00 in compensatory damages, $10,000.00 in punitive damages and $1,000.00 in economic loss damages, together with interest, costs, and attorney fees. Appellant's motion was granted as to liability in a magistrate's decision on September 16, 2008, which set the damages issue for hearing on October 23, 2008. The court adopted the magistrate's decision on October 20, 2008. On October 22, 2008 Ludt's towing simultaneously filed a motion

for relief from judgment, and motions seeking to continue the hearing and to vacate the magistrate's decision. SES Inc., which does business under the registered trade name Ludt's Towing, argued that the magistrate's decision was entered against a fictional entity and therefore void, and that it was entitled to relief because the decision granting default judgment had not been served on the party, but instead was filed on an attorney who had not entered an appearance in the matter.

{¶4} SES, Inc. further alleged it had a meritorious defense to present based on its compliance with the statutory procedure for the removal of abandoned property, the fact that SES, Inc. was not properly identified in the complaint, and Appellant's failure to join the Youngstown Police Department ("YPD"), a necessary party.

{¶5} SES further explained that although it had received the complaint despite its inaccuracies and had forwarded it to counsel, no appearance had been entered and the entity had only recently become aware of the lawsuit/judgment.

{¶6} SES attached to the motion the affidavit of Scott Aey, who identified himself as the secretary of SES, Inc., doing business as Ludt's Towing. Mr. Aey averred that Ludt's Towing was contacted by YPD and instructed to remove a vehicle. The affiant explained that Ludt's Towing requested and received the name and address of the owner of the vehicle, mailed notice of the removal to the address provided by YPD, and received no contact from the owner to make arrangements to pick up the vehicle and to pay the storage fees. (Aey Aff., ¶6-8.) Because it received no response from the owner identified by YPD, Ludt's Towing obtained an affidavit

and necessary documents from YPD and proceeded with the disposal of the vehicle. (Aey Aff., ¶9.)

{¶7} On May 26, 2009, pending ruling on the motion for relief from judgment, Appellant sought leave to amend her complaint to increase her claim for damages to $15,000.00 and filed her response to the motions for relief from judgment and to vacate judgment. Judgment was vacated and Ludt's Towing was given leave to answer; Appellant was granted leave to amend her complaint. Ludt's Towing's answer contained general denials and several affirmative defenses. The matter was again set for mediation. Appellant refused to appear at mediation on January 5, 2010; the mediator recommended sanctions.

{¶8} On March 22, 2010 Appellee requested and received leave to file for summary judgment instanter. Appellee's motion for summary judgment was supported by the affidavit of Suzanne Aey Tyler, the president of Ludt's Towing. Thomas Michaels, counsel for Appellee, signed, but did not date the notary certification. Ms. Tyler averred that Ludt's Towing was instructed on March 10, 2004 by the YPD to remove a 1993 Cadillac Sedan DeVille, License #CBL2154 from the premises of 3009 Glenwood Ave., Youngstown, Ohio. The affiant, on behalf of the towing company, received a vehicle report from YPD. It listed the owner of the vehicle as Eddie Young and provided an address for Mr. Young. The vehicle report dated May, 26, 2004 is exhibit 1 attached to the affidavit. The report indicates that YPD estimated the value of the vehicle at $200.00; that the keys were not in the owner's possession, that neither title nor registration were in the car; and that the driveability of the vehicle was unknown. (Tyler Aff. Exh. 1, pp. 1-2.) The narrative

portion of the vehicle report indicates the vehicle was impounded and towed at the request of Frank Eich, the initial co-defendant who settled after the first mediation. Mr. Eich, the owner of Southside Automotive:

> **{¶9}**  advised that the vehicle was left at his business a few weeks ago for repair * * * he contacted Young, Doris, who had dropped the auto off to be repaired, and advised her that he was not willing to repair the auto due to the nature of the problem.  Young was supposed to come and retreive [sic] the auto but as of [May 26, 2004] has not done so.  Eich asked that the auto be towed from his property.  The vehicle was towed to/by Ludt's with a hold for safekeeping.  (Tyler Aff. Exh. 1, p. 2.)

**{¶10}** According to the affiant, Ludt's Towing then sent notice via certified mail to Eddie Young, the title holder identified by the report, at the address provided by YPD.  Copies of the notice and certified mail receipt are exhibits 2 and 3 to the affidavit.  The notice indicates the vehicle had been "HELD BY ADDRESSEE SINCE 5/26/04" and lists current charges of $195.00 as of June 25, 2004.  Although the affiant indicates that the notice includes the information that the vehicle in storage will be sold if it is not retrieved by a certain date, the notice actually reads "[addressee] WILL SELL VEHICLE ABOVE AT_____ON_____" nothing in the notice suggests that the recipient can stop the sale and no date or location is provided.  The certified mailer was returned to Ludt's Towing unclaimed.  (Tyler Aff., ¶7.)

**{¶11}** According to the affiant, YPD executed an unclaimed and abandoned junk motor vehicle affidavit on August 1, 2004. The vehicle was released to Ludt's Towing on August 16, 2004 for disposal. Ludt's Towing disposed of the vehicle on August 20, 2004. (Tyler Aff., ¶11-14.) The signature of the notary on the copy of the junk motor vehicle affidavit from Officer Kelly Koenig of YPD offered in support of Appellee's motion for summary judgment reflects that the affidavit was executed on August 19, 2004, not August 1, 2004. There is nothing else attached to the affidavit that supports or contradicts the timeline for disposal described by the affiant. According to the affidavit, the first contact Ludt's Towing received concerning the vehicle from anyone other than YPD was a letter dated March 9, 2005 from Attorney Matthew C. Giannini, writing on behalf of a Doris Clark. (Tyler Aff., Exh. 5.) Ludt's Towing was never contacted by Eddie Young, the title holder according to YPD.

**{¶12}** On July 26, 2010 the magistrate granted Appellee's summary judgment motion. At the time of the magistrate's decision Appellant had not yet filed her response in opposition to the motion. On July 27, 2010, Appellant filed an untimely response in opposition to Appellee's motion for summary judgment in conjunction with a motion for leave to respond instanter. Neither Appellant's memorandum in opposition nor the certificate of service were signed by counsel. A blank, unexecuted, unnotarized affidavit was also attached to the unsigned motion. The memorandum made no reference to the blank affidavit and no other evidence of any kind was offered in support. On July 28, 2010 Appellee filed in opposition to Appellant's motion for leave to file her motion instanter. No other documents were filed by either party between July 28, 2010 and August 24, 2010, when the

magistrate vacated his July 26, 2010 decision that granted summary judgment, stating: "The Order granting Defendant, SES, Inc., d.b.a., Ludt's Towing, summary judgment on the Complaint is hereby vacated *nunc pro tunc*. While Plaintiff had requested and been permitted to file for leave to respond to Plaintiff's Motion this was inadvertently overlooked prior to its adjudication on July 26, 2010." (8/24/10 Mag. Dec.) The trial court had not adopted or rejected the summary judgment motion at this point. The magistrate reset summary judgment for a non-oral hearing on September 23, 2010.

{¶13} Appellee filed a response to Appellant's memorandum in opposition to summary judgment on September 20, 2010. Appellant filed nothing prior to the magistrate's November 2, 2010 decision that granted Appellee summary judgment. Appellant did file timely objections to the magistrate's decision on November 16, 2010, arguing that she had made demands of Eich for the return of the vehicle, that a "judicial adjudication" was required prior to the destruction of her personal property and that the issue of liability was a question for a jury. In support of her objections, for the first time, Appellant filed an affidavit stating that she owned the vehicle, asserting lack of notice from either defendant concerning the abandonment of the vehicle. Although Appellant claimed ownership, no title or other evidence was attached to or filed with the affidavit. Appellee responded to Appellant's objections and filed a motion to strike the affidavit. On December 8, 2010 the trial court overruled Appellant's objections and adopted the magistrate's November 2, 2010 decision granting Appellee summary judgment without ruling on Appellee's motion to strike. Costs were taxed to defendant.

**{¶14}** Appellant filed her timely appeal on December 30, 2010.

**Argument and Law**

ASSIGNMENT OF ERROR

**{¶15}** The Trial Court Erred in Granting Summary Judgment to Appellee/defendant, SES, INC., d.b.a. Ludt's Towing, Given the Existence of Issues of Fact Including Whether or Not Appellant's Motor Vehicle Constituted an "Abandoned Junk Motor Vehicle" as Defined by ORC 4513.63 and/or "Public Nuisance" as Defined by Ohio Law.

**{¶16}** In Appellant's single assignment of error she argues that there were issues of fact concerning whether the Cadillac DeVille was an "abandoned junk motor vehicle" as defined by R.C. 4513.63, or a public nuisance as defined by Ohio law, that could not be resolved at summary judgment and required submission to a jury. As a preliminary matter, Appellant also argues that Appellee's motion to strike her affidavit should have been denied. However, the trial court mentioned, but did not explicitly rule on Appellee's motion to strike when it entered judgment. Under Ohio law, "when the trial court enters judgment without expressly determining a pending motion, the motion is * * * impliedly overruled." *Portofe v. Portofe*, 153 Ohio App.3d 207, 2003-Ohio-3469, 792 N.E.2d 742, ¶16. Thus, the record reflects that the trial court implicitly did deny Appellee's motion to strike.

**{¶17}** In her argument, Appellant raises two sub issues. She claims that: (1) a determination under R.C. 4513.63 cannot be made on or at summary judgment and (2) Appellee's compliance with instructions from YPD create liability for conversion.

Because the only evidence before the court at the time summary judgment was granted was that someone other than Appellant held title to the vehicle, that certified mail notice was sent to the title holder's address, and that the title holder failed to respond to the certified notice, Appellant failed to satisfy the elements of conversion and summary judgment was appropriate in this matter.

{¶18} When reviewing a motion for summary judgment, an appellate court reviews the judgment independently without deference to the trial court's decision. *Bell v. Horton*, 113 Ohio App.3d 363, 365, 680 N.E.2d 1272, 1273-1274 (1996).

{¶19} Civil Rule 56(C) states:

> {¶20} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

In addition, summary judgment under Civ.R. 56 is proper where:

**{¶21}** "(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." *Welco Industries, Inc. v. Applied Cos.* (1993), 67 Ohio St.3d 344, 346, 617 N.E.2d 1129, 1132, quoting *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274.

**{¶22}** In this matter the magistrate's initial decision granting summary judgment was never adopted by the trial court pursuant to Civ.R. 53(D)(4)(a), and as such was not effective as a final appealable order when the magistrate decided to vacate it nunc pro tunc. A magistrate's decision prior to trial court adoption has no real effect and is akin to an interlocutory order that may be modified prior to a ruling by the court. *See Yantek v. Coachy Builders Ltd., Inc.*, 1st Dist. No. C-060601, 2007-Ohio-5126, ¶19.

**{¶23}** Appellant filed her complaint in tort seeking damages for conversion. Pursuant to R.C. 2305.09, there is a four year statute of limitations on conversion actions. Appellant's complaint was timely. "'Conversion is an exercise of dominion or control wrongfully exerted over property in denial of or under a claim inconsistent

with the rights of another. Typically, "[t]he elements of a conversion cause of action are (1) plaintiff's ownership or right to possession of the property at the time of the conversion; (2) defendant's conversion by a wrongful act or disposition of plaintiff's property rights; and (3) damages.'"" *Keybank Natl. Assoc. v. Guarnieri & Secrest, P.L.L.*, 7th Dist. No. 07 CO 46, 2008-Ohio-6362, ¶15; quoting *Haul Transport of VA, Inc. v. Morgan*, Montgomery App. No. 14859 (2nd Dist.1995). Where a party alleges the unlawful retention of property, the party must establish that "(1) he or she demanded the return of the property from the possessor after the possessor exerted dominion or control over the property, and (2) that the possessor refused to deliver the property to its rightful owner." *Winland v. Winland*, 7th Dist. No. 04 BE 20, 2005-Ohio-1339, ¶11. The measure of damages in a conversion action is the value of the converted property at the time it was converted. *Brumm v. McDonald & Co. Securities, Inc.*, 78 Ohio App.3d 96, 104, 603 N.E.2d 1141 (1992).

**{¶24}** In a summary judgment action, a court may consider all "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action." If, after review, the evidence demonstrates "that there is no genuine issue as to any material fact" the moving party may be "entitled to judgment as a matter of law." Civ.R. 56(C). In the matter at bar, neither the magistrate's decision nor the final judgment entry contained an explanation of the trial court's decision. On review, both at the time of the initial hearing, and at the time of the rescheduled hearing on Appellee's summary judgment motion, Appellant offered no deposition, answer to interrogatory, admission, affidavit, transcript of evidence or stipulation in support of her claim. On

the other hand, Appellee filed a motion supported by affidavit and documentary evidence establishing that a person named Eddie Young, not Appellant, was the owner of the vehicle, that Appellee had received instructions for removal, had removed and stored the vehicle for a period of months, had provided notice in the form of certified mail to the address of the title holder identified by YPD, had then in the absence of a response from the title holder and on the instructions of YPD, proceeded to dispose of the vehicle. The material attached to Appellee's affidavit does not appear to have been authenticated: the documents are not self-authenticating nor does the affidavit contain the information necessary to introduce business records. This Court is nevertheless entitled to consider otherwise improper material where neither party objects. No objection was raised here. *Rosenow v. Shutrump & Assoc.*, 163 Ohio App.3d 500, 2005-Ohio-5313, 839 N.E.2d 82, ¶5 (7th Dist.)

{¶25} In the absence of any evidence properly before the court contradicting the assertions contained in Appellee's motion and the affidavit offered in support, there are no genuine issues of material fact to be resolved. Appellant failed to produce any evidence of ownership, failed to produce evidence of Appellee's alleged wrongdoing, and failed to produce any evidence supporting the damages alleged in the complaint. She filed a self-serving affidavit after summary judgment was granted but with no evidentiary material attached. Because Appellant failed to prove ownership the issues of compliance with the statute and personal liability are moot. Even if Appellant were to somehow prove she was the owner, it appears that the defendant in this instance would be YPD, who ordered each step leading up to and

including the ultimate disposal of the vehicle. We note, however, that any action against YPD may nevertheless be barred by the immunity of a political subdivision pursuant to R.C. 2744.02, in addition to the statute of limitations.

## Conclusion

{¶26} Appellee's uncontradicted evidence was sufficient to support summary judgment. The issue of the validity of the statutory process and possible liability of private parties for the destruction of property pursuant to statute cannot be established from this record. The judgment of the trial court is affirmed.

Donofrio, J., concurs.

Vukovich, J., concurs.