[Cite as *Francosky v. Customized Vinyl Sales*, 2019-Ohio-2172.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**TRUMBULL COUNTY, OHIO**

| | | |
|---|---|---|
| DANIEL FRANCOSKY, et al., | **:** | **O P I N I O N** |
| Plaintiffs-Appellees, | **:** | |
| - vs - | **:** | **CASE NO. 2018-T-0066** |
| CUSTOMIZED VINYL SALES, | **:** | |
| Defendant-Appellant. | **:** | |

Civil Appeal from the Trumbull County Central District Court, Case No. 2017 CVI 00256.

Judgment: Affirmed.

*Daniel P. Thomas,* Delbene, LaPolla & Thomas, 155 Pine Avenue, N.E., Warren, OH 44481 (For Plaintiffs-Appellees).

*Shirley J. Smith,* The Law Offices of Shirley J. Smith, LLC, 94 North Market Street, East Palestine, OH 44413 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, J.

{¶1} Appellant, Customized Vinyl Sales, appeals from the judgment of the Trumbull County Central District Court, ruling in favor of appellees, Daniel Francosky, et al., on their small claims cause of action for "shoddy workmanship." We affirm.

{¶2} On November 11, 2014, the parties entered into an agreement for the re-installation of a vinyl fence for the purpose of securing appellees' horses. The price for the labor and supplies totaled $3,800, which appellees paid. The agreement provided, inter alia, appellant would install 981 feet of fencing; and all posts re-installed will have

bottom holes drilled and be set in 80 pounds of concrete. Appellee, Joyce Francosky, asserted that, in lieu of 80 pounds of concrete, appellant only used 40 pounds when it re-installed the fence posts. She and her husband, Daniel Francosky, additionally stated they took issue with this point during the re-installation, but appellant did not add the additional concrete.

{¶3} Approximately one year after the agreement was entered, the record indicates that appellee, Mr. Francosky, noticed "a lot of posts start heaving up out of the ground." And in May 2017, he and his wife contacted appellant in an attempt to remediate the situation. According to Mr. Francosky, they were ignored; he and his wife subsequently fixed the fence on their own and filed the instant action. Attached to their complaint, appellees submitted photographs of the posts, including what appears to be images of the posts unsecured and "heaving" upward due to appellant's alleged unworkmanlike efforts, as well as a photo of the fence after appellees independently remedied the issues leading to the suit. Appellant filed an answer denying the allegation of unsatisfactory work.

{¶4} After a hearing, the trial court issued its judgment, finding in appellees' favor. The court determined that even though appellees did not offer any expert testimony to rebut appellant's position that the re-installation was performed properly, it could not "ignore the fact that the installation of a secure and operational livestock fence was the very purpose of [the] agreement; that the Plaintiffs paid a substantial amount of money to accomplish such installation; and that within a relatively short period of time the fence was essentially useless as a result of the posts heaving from the ground." The court therefore concluded appellant did not perform the re-installation in a

workmanlike fashion and punctuated its judgment by emphasizing "'The thing speaks for itself.'" Appellees were thus awarded $3,800 in damages. This appeal follows.

{¶5} Appellant assigns five errors for this court's review. Its first assignment of error provides:

{¶6} "The trial court erred in granting judgment in favor of plaintiffs-appellees, despite plaintiff-appellee's complaint having been filed outside the statute of limitations as prescribed in O.R.C. 2305.10(A)."

{¶7} R.C. 2305.10(A) provides:

{¶8} Except as provided in division (C) or (E) of this section, an action based on a product liability claim and an action for bodily injury or injuring personal property shall be brought within two years after the cause of action accrues. Except as provided in divisions (B)(1), (2), (3), (4), and (5) of this section, a cause of action accrues under this division when the injury or loss to person or property occurs.

{¶9} The underlying complaint did not allege a product liability claim. And, although it arguably alleged damage to personal property, i.e., the fence, the damage arose from appellant's alleged negligence, not a defective fence. Under the doctrine of ejusdem generis, "where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase should be held to include only things of the same general nature as those specified". *George H. Dingledy Lumber Co. v. Erie R. Co.*, 102 Ohio St. 236, 245 (1921). Here, R.C. 2305.10(A) specifies it applies to "an action based on a product liability claim." Hence, it follows the bodily or property injuries the statute covers would relate to or arise from the allegedly defective product. We therefore conclude R.C. 2305.10(A) is inapplicable.

{¶10} Here, the allegation in the complaint was "shoddy workmanship." The trial court properly interpreted the claim, in light of the alleged facts, as a claim for a failure

3

to re-install the fence in a workmanlike fashion. An action against a builder for failure to construct in a workmanlike manner is an action in tort to which the four-year statute of limitations in R.C. 2305.09(D) applies. *Velotta v. Leo Petronzio Landscaping, Inc.*, 69 Ohio St.2d 376, paragraph one of the syllabus (1982); *see also Rosenow v. Shutrump & Assoc.*, 163 Ohio App.3d 500, 2005-Ohio-5313, ¶29 (7th Dist.). "[T]he four-year statute of limitations * * * commences * * * when it is first discovered, or through the exercise of reasonable diligence it should have been discovered, that there is damage to the property." *Harris v. Liston,* 86 Ohio St.3d 203, paragraph two of the syllabus (1999); *see also Esposito v. Caputo*, 11th Dist. Lake No. 2002-L-099, 2003-Ohio-1590, ¶23.

{¶11} The record indicates Mr. Francosky discovered the fence posts beginning to rise up or "heave" upwards approximately one year from the re-installation. The agreement to re-install the posts was entered on November 11, 2014; hence, the discovery date would be roughly November 11, 2015. The underlying cause of action was filed on August 22, 2017, well within the four-year limitation period.

{¶12} Appellant's first assignment of error lacks merit.

{¶13} Appellant's second and third assignments of error provide, respectively:

{¶14} "[2.] The trial court erred in granting judgment in favor of plaintiffs-appellees, despite plaintiffs-appellees' complete failure to meet its burden of proof as to its sole claim of 'shotty [sic] workmanship,' as and against the manifest weight of the evidence.

{¶15} "[3.] The trial court further abused its discretion in determining that res ipsa loquitur, 'the thing speaks for itself,' is applicable."

4

{¶16} "[A]n appellate court will not reverse a judgment as being contrary to the weight of the evidence as long as there is some competent, credible evidence supporting the judgment." *In re Kangas*, 11th Dist. Ashtabula No. 2006-A-0084, 2007-Ohio-1921, ¶81. The manifest-weight standard of review is the same in a civil case as in a criminal case. *Eastley v. Volkman*, 132 Ohio St.3d 328, 2012-Ohio-2179, ¶17.

{¶17} When applying the manifest-weight standard of review, the reviewing court reviews the entire record, "'weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [finder of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered.'" *Eastley, supra*, ¶20, quoting *Tewarson v. Simon*, 141 Ohio App.3d 103, 115 (9th Dist.2001). "The finder of fact is entitled to believe all, part, or none of the testimony of any witness." *River Oaks Homes, Inc. v. Twin Vinyl, Inc.*, 11th Dist. Lake No. 2007-L-117, 2008-Ohio-4301, ¶27.

{¶18} "Under the manifest weight standard of review, we are 'guided by a presumption' that the fact-finder's findings are correct." *Terry v. Kellstone, Inc.*, 6th Dist. Erie No. E-12-061, 2013-Ohio-4419, ¶13, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80 (1984). *See also Eastley* at ¶21. We must make "'every reasonable presumption * * * in favor of the judgment and the finding of facts.'" *Id.*, quoting *Seasons Coal Co.* at 80, fn. 3. "'If the evidence is susceptible of more than one construction,'" we are "'bound to give it that interpretation which is consistent with the * * * judgment [and] most favorable to sustaining the * * * judgment.'" *Eastley, supra,* quoting *Seasons Coal Co., supra.*

{¶19} Moreover, "res ipsa loquitur is a rule of evidence which permits the trier of fact to infer negligence on the part of the defendant from the circumstances surrounding the injury to plaintiff." *Hake v. George Wiedemann Brewing Co.,* 23 Ohio St.2d 65, 66 (1970). "'The doctrine of *res ipsa loquitur* is not a substantive rule of law furnishing an independent ground for recovery * * *. The doctrine of *res ipsa loquitur* does not alter the nature of plaintiff's claim in a negligence action; it is merely a method of proving the defendant's negligence through the use of circumstantial evidence.'" (Emphasis original.) *Dardy v. Thompson*, 11th Dist. Geauga No. 2013-G-3157, 2014-Ohio-2700, ¶15 quoting *Jennings Buick, Inc. v. Cincinnati,* 63 Ohio St.2d 167, 169–170 (1980).

> {¶20} To warrant application of the rule, a plaintiff must adduce evidence in support of two conclusions: (1) That the instrumentality causing the injury was, at the time of the injury, or at the time of the creation of the condition causing the injury, under the exclusive management and control of the defendant; and (2) that the injury occurred under such circumstances that in the ordinary course of events it would not have occurred if ordinary care had been observed. *Hake*, *supra*, 66-67.

{¶21} Appellant argues appellees failed to meet their burden of persuasion because they did not offer sufficient, persuasive evidence of the customary manner in which fence posts are installed and thus failed to established appellant breached this standard. Moreover, appellant asserts the trial court erred in applying the doctrine of res ipsa loquitur where appellees failed to establish: (1) appellant was under sole control of the instrumentality causing the problem(s) and (2) the heaving of the posts would not have occurred if ordinary care had been observed. We do not agree.

{¶22} Appellees established they operate a horse farm and the fence re-installation was to keep their horses from running free. The agreement provided that the re-installation would cost $3,800 and all posts re-installed will have bottom holes drilled

6

and they would be set in 80 pounds of concrete. Ms. Francosky stated appellant only used 40-pound bags of concrete on each post, a point which appellant did not rebut or even dispute. After approximately one year, the posts began to pitch upward; and, within two and one-half years of the installation, the posts were anywhere from 2" to 9" out of the ground and some were leaning. Appellees noted, after recognizing the posts required an additional re-installation, some of the posts could be removed from the ground by hand.

{¶23} The foregoing demonstrates that the re-installation of the posts was under the exclusive management and control of appellee. Although Ms. Francosky asserted she questioned why appellant was using only 40 rather than 80 pounds of concrete, her concerns were apparently ignored. Further, in light of the surrounding circumstances, the court could reasonably conclude that, in the ordinary course of events, the posts would not have heaved upward, began to list, and be subject to hand removal, had they been installed with ordinary care. We therefore hold the court's judgment was consistent with the weight of the evidence *and* appellees adduced adequate facts for the court to apply the doctrine of res ipsa loquitur.

{¶24} Appellant's second and third assignments of error lack merit.

{¶25} Appellant's fourth assignment of error provides:

{¶26} "The trial court erred in granting judgment for plaintiff-appellee as their alleged claim is barred by the theory of laches."

{¶27} Laches is defined as "'an omission to assert a right for an unreasonable and unexplained length of time, under circumstances prejudicial to the adverse party.'" *Connin v. Bailey*, 15 Ohio St.3d 34, 35 (1984) quoting *Smith v. Smith*, 168 Ohio St. 447 (1959). "Delay in asserting a right does not of itself constitute laches, and in

7

order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." *Connin*, *supra.* Similarly, prejudice in a laches defense is generally not inferred merely from inconvenience or the passage of time. See *Smith, supra,* at 457; *State ex rel. Polo v. Cuyahoga County Bd. of Elections* (1995), 74 Ohio St.3d 143, 145 (1995).

**{¶28}** Appellant does not assert, let alone explain or argue, that it was materially prejudiced by appellees' determination to wait approximately a year and a half from the discovery of the fence posts' upward heaving. And appellee had notice and was able to defend against the allegations, but did not move the court to place testimony on record in an effort to absolve itself from responsibility. Moreover, in an effort to remedy the problem, appellees stated they attempted to contact appellant twice prior to filing suit. Appellant, however, did not respond to appellees' attempt to address the issue in an extra-judicial manner. With these points in mind, we hold there is no basis to apply the equitable doctrine of laches in this matter.

**{¶29}** Appellant's final assignment of error provides:

**{¶30}** "Even assuming there exists some basis to grant plaintiff-appellees relief, which defendant-appellant strongly urges there is not, the trial court erred in its calculation of damages awarded to plaintiffs-appellees, as the court failed to consider diminution in value/benefit to plaintiffs-appellees for its acknowledged nearly three years of use."

**{¶31}** A reviewing court generally will not reverse a trial court's decision regarding its determination of damages absent an abuse of discretion. *Williams v.*

8

*Kondziela,* 11th Dist. No. 2002-L-190, 2004-Ohio-2077, at ¶19, citing *Roberts v. United States Fid. & Guar. Co.*, 75 Ohio St.3d 630, 634 (1996).

{¶32} Appellant contends the trial court abused its discretion in awarding appellees $3,800 in damages because it failed to consider whether the entire fence re-installment was "shoddy." Further, appellant asserts the trial court's damages award did not consider that appellees enjoyed the benefit of the fence for nearly three years before replacement. We do not agree.

{¶33} The record indicates appellees had to re-install the entirety of the fence-work that appellant originally re-installed. Moreover, and regardless of whether appellees were able to utilize the fence for some period of time, there is nothing to rebut appellees' claim that appellant's acts or omissions necessitated the entire re-installation. We therefore discern no error in the trial court's order, essentially requiring appellant to refund the money appellees paid for the original, faulty re-installation.

{¶34} Appellant's final assignment of error lacks merit.

{¶35} For the reasons discussed in this opinion, the judgment of the Trumbull County Central District Court is affirmed.


TIMOTHY P. CANNON, J.,

MATT LYNCH, J.,

concur.

9